[No. F010715. Fifth Dist. Nov. 29, 1989.]

MARY MENINGA et al., Plaintiffs and Appellants, v. RALEY'S, INC., et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Altman, Collins & Gross and Malcolm D. Gross for Plaintiffs and Appellants.

Barrett, Penney & Byrd and Herbert Fried, Jr., for Defendants and Respondents.

**OPINION**

**PETTITT, J.***—

## STATEMENT OF FACTS

Plaintiffs Mary Meninga and William Meninga appeal from a judgment of involuntary dismissal (Code Civ. Proc., § 581, subd. (f)(1)). The judgment followed the trial court's order sustaining a demurrer to plaintiffs' second amended complaint without leave to amend. Plaintiffs had alleged causes of action for employment discrimination, defamation, intentional infliction of emotional distress and .loss of consortium. The court found workers' compensation was the plaintiffs' exclusive remedy.[1]

The following is a summary of the allegations contained in the second amended complaint:[2]

### First Cause of Action—Employment Discrimination

Plaintiff Mary Meninga was employed at two Raley's stores, owned by defendant Raley's, Inc., in Modesto between February 1976 and November 1985. During this period she experienced harassment at the hands of Raley's employees and managers.

In 1976, an assistant manager instructed an employee to announce over the store's loud speaker " 'All right you stupid bitches, get your asses up

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1] The minute order actually reads: "The Court finds Workman's Compensation to be *Plaintiff's* exclusive remedy." (Italics added.) Since the court sustained the defendants' demurrer which addressed both the Meningas' causes of action, the reference to "plaintiff's" in the minute order is presumably a clerical error.

[2] Defendants' demurrer in effect admits as true all material factual allegations in the second amended complaint. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

front cause [*sic*] we['re] closing this place up.'" The announcement was directed at plaintiff and another female employee.

In 1977 a Raley's store manager and the employer's personnel department denied her pregnancy leave.

From late spring 1984 until the time she became disabled, defendant Ralph Boisa, a manager in one of the two stores in question, continually harassed and intimidated plaintiff by referring to her as a "'bitch.'" He also told her: "'[W]omen should not work in the grocery business and if they do, they should only be allowed to work part time.'"

Defendant Raley's, Inc., chose to do nothing when plaintiff reported these incidents.

Defendant Boisa and another store manager, defendant Wayne Clemens, also condoned and encouraged other employees' mistreatment of plaintiff. In March 1985, a head clerk in one of the stores said in front of plaintiff, "'Why is it this office only smells like fish when Mary is here.'" The clerk uttered the comment in a sexually degrading and offensive manner to refer to feminine body odor. The following May, an assistant store manager repeatedly asked plaintiff to go to a party with him. When she refused, he became very abrasive toward her. He also sprayed "'static cling'" on plaintiff's buttocks in a degrading and offensive manner and threatened to assault her.

Plaintiff was repeatedly told defendant Boisa did not like working with women and she "had better" do everything he said. Defendant Boisa had directed others to pass these comments on to plaintiff.

Last, during November 1985, defendant Clemens told plaintiff he would not hire women with children in the future because he had to make special arrangements for them. He also stated he did not hire plaintiff, referring to the fact plaintiff was female and had small children.

As a result of such conduct, plaintiff experienced severe emotional problems. She felt forced to leave her employment in November 1985, at which time she was hospitalized, according to the record. Since then she has been unable to perform her duties at the stores. Plaintiff filed a claim with the Fair Employment and Housing Commission and ultimately received a "right to sue" letter.

### Second Cause of Action—Defamation

In early 1986, after plaintiff Mary Meninga left Raley's workplace, defendants Clemens and Boisa told store employees " 'Mary Meninga has completely lost her mind, she has gone crazy, but then she always was crazy.' " A bookkeeper for the chain also repeated remarks made by defendant Clemens to the effect "plaintiff was totally insane and [would] be institutionalized for life." These remarks were unsolicited and made to employees who did not have a need to know.

The remarks injured plaintiff's professional reputation by suggesting she was unable to practice her trade in a proficient manner.

### Third Cause of Action—Intentional Infliction of Emotional Distress

This cause of action is based on the alleged remarks referred to in the second cause of action.

### Fourth Cause of Action—Loss of Consortium

Plaintiff William Meninga suffered the loss of plaintiff Mary Meninga's society as a result of the slanderous remarks made by defendants Clemens and Boisa in 1986.

## IS THE WORKERS' COMPENSATION ACT THE EXCLUSIVE REMEDY FOR THE EMPLOYMENT DISCRIMINATION, DEFAMATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAUSES OF ACTION?[3]

### I. *Introduction*

We answer the stated question in the negative as to each cause of action.

██ In *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743], the state Supreme Court held an employee may not pursue a cause of action for intentional infliction of emotional distress against his or her employer and fellow employees when: (a) the alleged misconduct is a normal part of the employment relationship; and (b) the essence of the wrong is a personal physical injury or death thus permitting a remedy under the workers' compensation statutes. Such an action,

---

[3] Notably, the opening brief was filed on behalf of both plaintiffs. Yet, plaintiff William Meninga does not challenge the order sustaining the demurrer as to his cause of action for loss of consortium and indeed there is no briefing on the loss of consortium cause of action in the opening brief. He did argue the question of loss of consortium however in his reply brief. Accordingly, all subsequent references to plaintiff should be read to mean plaintiff Mary Meninga.

regardless of its name or technical form, is barred by the exclusive remedy provision under workers' compensation (Lab. Code, § 3601, subd. (a)) if the usual conditions of workers' compensation coverage are satisfied.

■■■■ Defendants ask this court to conclude *Cole* is dispositive in the present case. Because plaintiff alleged she was unable to return to work due to the emotional distress she experienced while in defendant Raley's employ, defendants argue, plaintiff suffers from a work-related disability. Thus, by defendants' reading of *Cole,* plaintiff's causes of action are barred.

As explained below, *Cole,* by its own terms, does not necessarily bar employment discrimination actions filed outside the workers' compensation statutes. Consequently, we hold, under the alleged facts of this case, defendants' argument that plaintiff's causes of action are barred by the exclusive remedy provision in Labor Code section 3601, subdivision (a) is erroneous.

II. *Employment Discrimination*

The *Cole* court did not address statutory causes of action, but rather only common law causes of action. "We do not decide whether the exclusive remedy provisions of the Labor Code bar causes of action created by statute." (*Cole, supra,* 43 Cal.3d at p. 157, fn. 9.) As the appellate court in *Jones* v. *Los Angeles Community College Dist.* (1988) 198 Cal.App.3d 794, 807 [244 Cal.Rptr. 37], ruled, *Cole* by its own limitation is not dispositive of claims based on statutory causes of actions, such as the employment discrimination cause of action created by the Fair Employment and Housing Act (FEHA or the Act) (Gov. Code, § 12900 et seq.).[4] Notably, defendants overlook the holding of *Jones,* to the effect workers' compensation did not bar a FEHA cause of action for employment discrimination based, in that case, on race. However, the *Jones* court did not go so far as to hold that the principles and distinctions set out in *Cole* could never apply to alleged employment discrimination causes of action. Likewise, we do not conclude that acts alleged to constitute employment discrimination are thereby inherently insulated from consideration in connection with the exclusive remedies provided under workers' compensation. The Supreme Court in *Cole* stated: "We have concluded that, when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance

---

[4] All statutory references are to the Government Code unless otherwise indicated.

resulting in disability. The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment (former Lab. Code, §§ 3600, 3601), and then the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied. (See Larson, *Nonphysical Torts and Workmen's Compensation* (1975) 12 Cal. Western L.Rev. 1, 11-13.)

"If characterization of conduct normally occurring in the workplace as unfair or outrageous were sufficient to avoid the exclusive remedy provisions of the Labor Code, the exception would permit the employee to allege a cause of action in every case where he suffered mental disability merely by alleging an ulterior purpose of causing injury. Such an exception would be contrary to the compensation bargain and unfair to the employer." (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d at p. 160.)

We conclude some deference must be given to the Supreme Court's concerns expressed in *Cole* even though it did footnote it was not deciding "whether the exclusive remedy provisions of the Labor Code bar causes of action created by statute." Some of our concern arises out of the differing fact situations found in *Jones* and the instant case. The court in *Jones* stated: "In the context of the facts of this case, where plaintiff claims that he was forced to suffer racial insults of a coworker and in retaliation for complaining of such treatment was monitored in his work and given more onerous tasks while the White coworker simply stayed away from work, and where he ultimately suffered a knee injury which apparently caused him to become disabled, the application of the exclusivity provision of the Labor Code would in effect result in no recognition of or compensation for the humiliation and other injuries which Jones suffered before his knee injury. A failure to recognize a cause of action under such circumstances also furthers a policy in *favor* of discrimination in the workplace. Because two separate wrongs are involved, there are no election of remedies or double recovery problems. Moreover, any possible double recovery in the instant case can easily be avoided." (*Jones* v. *Los Angeles Community College Dist., supra,* 198 Cal.App.3d at p. 809.)

The plaintiff in *Jones* first filed two claims with the Workers' Compensation Appeals Board alleging injury to his "emotions (psyche)" due to "repetitive occupational stresses." Each claim covered a different period of time. Slightly over one year later he filed a third claim with the board wherein he claimed injury to his left knee. In the meantime, Jones filed a charge of discrimination with the Department of Fair Employment and Housing (DFEH) in which he claimed racial harassment and other unfair treatment. The DFEH later notified Jones his case was being closed "on the

basis of insufficient evidence to prove violation of the statute." Some months later, he filed his complaint in the Superior Court of Los Angeles County alleging race discrimination in employment. Under these facts, the court stated: "We do not read the complaint as alleging plaintiff's emotional injuries will render him disabled, but only that his *physical* injuries will result in disability. Thus, even were we to find *Cole* applicable to the instant case, as urged by respondents, we would conclude that they did not meet their burden of proof on summary judgment to establish that the conditions of compensation rendering them subject to the protections of the workers' compensation statutes existed. (*Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 97-98 [151 Cal.Rptr. 347, 587 P.2d 1160].) As expounded in *Cole*, one of those conditions is that plaintiff's emotional distress caused him disability. The record is bereft of any evidence as to whether plaintiff's disability was caused by his knee injury or by his emotional injuries. Nor is there any evidence establishing whether the workers' compensation benefits paid to plaintiff were on account of his knee injury or for his emotional injuries. In this regard, we find no evidentiary support for the conclusions reached by the trial court, . . ." (*Jones* v. *Los Angeles Community College Dist., supra,* 198 Cal.App.3d at p. 806, fn. omitted, italics in original.)

In this case there is no claim for a physical injury like the knee in the *Jones* case. We, therefore, cannot say the record is bereft of any evidence as to whether plaintiff's disability was caused by emotional injuries or purely physical injury. Plaintiff has unquestionably received workers' compensation benefits due solely to emotional injury resulting from the discriminatory treatment she alleges.

We, therefore, recognize that trial courts, in cases such as this, are called upon to make determinations as to whether an employee's claims are based upon true discrimination or are merely employer misconduct in "actions which are a normal part of the employment relationship, . . ." (*Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d at p. 160.) Likewise, we recognize other concerns, such as possible double recovery, are present.

In FEHA, the Legislature has declared, as a matter of public policy, the need to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination. (§ 12920.)

Section 12920 further provides, in pertinent part: "It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for such reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general." The Legislature has gone so far

as to identify the opportunity to seek, obtain and hold employment without discrimination, as a civil right. (§ 12921.)

FEHA establishes a comprehensive scheme for combating and eliminating employment discrimination. (*Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 485 [208 Cal.Rptr. 724, 691 P.2d 272]; § 12920.) Employment discrimination is broadly defined in section 12940.[5] Particularly relevant to the present case is the section's prohibition of an employer's discrimination against any person in terms, conditions or privileges of employment because of sex.

The state Supreme Court in *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 213-214 [185 Cal.Rptr. 270, 649 P.2d 912], described the Act:

"[It] creates a Department of Fair Employment and Housing (Department) (§ 12901), whose function is to investigate, conciliate, and seek redress of claimed discrimination (§ 12930). Aggrieved persons may file complaints with the Department (§ 12960), which must promptly investigate (§ 12963). If it deems a claim valid it seeks to resolve the matter—in confidence—by conference, conciliation, and persuasion. (§ 12963.7.) If that fails or seems inappropriate the Department may issue an accusation to be heard by the Fair Employment and Housing Commission (Commission). (§§ 12965, subd. (a), 12929; see too § 12903.)

"The Commission determines whether an accused employer, union, or employment agency has violated the act. If it finds a violation it must 'issue . . . an order requiring such [violator] to cease and desist from such unlawful practice and to take such action, including, but not limited to, hiring, reinstatement or upgrading of employees, with or without back pay, restoration to membership in any respondent labor organization, as, in the judgment of the commission, will effectuate the purpose of this part . . . .' (§ 12970, subd. (a).)

"If no accusation is issued within 150 days after the filing of the complaint and the matter is not otherwise resolved, the Department must give

---

[5] Section 12940 provides in pertinent part: "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California:

"(a) For an employer, because of the race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, or sex of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions or privileges of employment."

complainant a right-to-sue letter. Only then may that person sue in the superior court 'under this part' (§ 12965, subd. (b))." In a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained. (*Commodore Home Systems, Inc.* v. *Superior Court, supra,* 32 Cal.3d at p. 221.)

While FEHA seeks the elimination of discriminatory employment practices, our state's system of workers' compensation, as embodied in the state Constitution (§ 4 of art. XIV) and in Labor Code section 3200 et seq., has a much different goal. Workers' compensation law enforces an employer's liability to compensate workers for injury or disability sustained in the course of their employment, irrespective of the fault of any party. (Cal. Const., art. XIV, § 4.) It is not designed to combat employment discrimination, except in the case of employers who discriminate against industrially injured employees who exercise workers' compensation remedies. (See Lab. Code, § 132a.)

Nevertheless, defendants contend workers' compensation is the exclusive remedy for plaintiff's claim of employment discrimination. They rely on the language of Labor Code sections 3600, subdivision (a), 3601, subdivision (a), and 3602, subdivision (a).[6] Their argument may best be summarized in

[6] These sections provide in relevant part: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur:

"(1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

"(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.

"(3) Where the injury is proximately caused by the employment, either with or without negligence." (§ 3600, subd. (a)(1), (2) & (3).)

"(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment, except that an employee, or his or her dependents in the event of his or her death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply, in either of the following cases: . . ." (§ 3601, subd. (a).)

"(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer." (§ 3602, subd. (a).)

the following manner: where the conditions of compensation, as defined in Labor Code section 3600, subdivision (a) are present, workers' compensation provides the exclusive remedy. In this regard, they emphasize, through judicially noticed documents below, plaintiff applied for and received workers' compensation benefits due to cumulative stress sustained between November 30, 1984, and November 30, 1985, while she was employed by defendant Raley's.

In addition, they correctly observe none of the exceptions to the exclusive remedy rule, outlined in Labor Code sections 3601, subdivision (b), and 3602, subdivision (b),[7] apply here. Indeed, according to the defendants, the Legislature has failed to except FEHA claims from the exclusive remedy rule of workers' compensation. They note in this regard the 1982 amendments to the Labor Code, inferring the exclusive remedy rule, as it presently exists, is a more recent and, therefore, controlling statement of legislative intent. As defendants see it, the workers' compensation system is plainly unlimited by any other statutory scheme. Thus, the exclusive remedy rule must apply.

At first glance, defendants' argument has some appeal given the exclusive remedy language of Labor Code sections 3601, subdivision (a), and 3602, subdivision (b). However, according to defendants' view of the law, there could never be a civil action for employment discrimination if such discrimination led to disabling emotional distress. This approach would not only render the FEHA cause of action for employment discrimination a non sequitur where disability resulted; it would also make a hollow promise out of the public policy, stated in FEHA, of eliminating employment discrimination. It would then be in an employer's best interest, if he or she practiced employment discrimination, to make conditions so intolerable for an employee and to cause such a level of emotional distress in the employee that the employee could not work as a result. Thus, the employer could avoid civil liability for his or her discriminatory practices.

Nevertheless, the competing arguments and conclusions point up the necessity of recognizing we are dealing with two important legal matrices both designed to protect employees who, in the context of this case, would not have suffered injury but for being employed.

It is a well-established rule of statutory construction that the Legislature does not intend to legislate in contravention of existing public policy. (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 152

---

[7] "(b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: . . ." (§ 3602, subd. (b).)

[23 Cal.Rptr. 592, 373 P.2d 640].) Without the most cogent and convincing evidence, a court will never attribute to the Legislature the intent to disregard or overturn a sound rule of policy. (*Ibid.*) ■ To adopt the defendants' interpretation would fly in the face of this legislative presumption as far as FEHA is concerned. Moreover, there is no evidence, much less the convincing level of evidence required under *Interinsurance Exchange,* to read into the exclusive remedy rule an intent to disregard a FEHA cause of action.

The plaintiff's application for and receipt of workers' compensation benefits does not necessarily lend support to defendants' position. Nor should it necessarily foreclose plaintiff's ability to maintain an action under FEHA, since the workers' compensation claim cannot address her employer's liability for employment discrimination. ■ In this regard, another applicable rule of statutory interpretation is that apparent inconsistencies in laws relating to the same general subject should be reconciled if possible. (*Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749], overruled on other grounds in *Frink* v. *Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476].) Where two codes are to be construed, they must be regarded as blending into each other and forming a single statute. (*Tripp, supra,* at p. 679.)

■ In *Hart* v. *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420 [235 Cal.Rptr. 68], the court quoted from *Cole, supra,* 43 Cal.3d 148, as follows: " '*The cases that have permitted recovery in tort for intentional misconduct causing disability have involved conduct of an employer having a "questionable" relationship to the employment, an injury which did not occur while the employee was performing service incidental to the employment and which would not be viewed as a risk of the employment, or conduct where the employer . . . stepped out of* [*his*] *proper* [*role*]. [Citations.] . . .'*[8] (Id.,* at pp. 160-161, italics added.)" (*Hart, supra,* at p. 1430.)

Footnote 8 of the quoted passage provides: "In *Young* v. *Libbey-Owens Ford Co., supra,* 168 Cal.App.3d 1037, the court refused to apply the exclusivity doctrine to the employee's cause of action for emotional distress (with attendant physical and emotional damages) arising from his employer's ratification of a coworker's assault on him even though he had already collected compensation. The court held, '[i]ssues such as causation, which must be litigated in a civil suit, are not addressed in a workers' compensation proceeding . . . .' (*Id.,* at p. 1043.)"

The court in *Jones* analyzed the matter and concluded because two separate wrongs are involved, there are no election of remedies or double recovery problems. We do not disagree with that conclusion. However, this is not

to say difficult questions will not be encountered regarding what may be an employee's sole remedy under certain facts.

This appeal comes to us for determination at the pleading stage. Clearly, the allegations of plaintiff state a cause of action under FEHA for employment discrimination because of sex. Workers' compensation is not her exclusive remedy under the facts alleged, and the trial court erred in sustaining defendants' demurrer to that cause of action.

### III., IV.*

. . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is reversed. Plaintiffs shall have their costs on appeal.

Ardaiz, Acting P. J., and Dibiaso, J., concurred.

---

*See footnote, *ante,* page 79.