[No. B064211. Second Dist., Div. Two. Nov. 4, 1992.]

AL B. DENNEY, Plaintiff and Appellant, v.
UNIVERSAL CITY STUDIOS, INC., Defendant and Respondent.

1228

**COUNSEL**

Sylvia T. Whitmore for Plaintiff and Appellant.

Joseph Posner as Amicus Curiae on behalf of Plaintiff and Appellant.

Garfield, Tepper, Ashworth & Epstein, Garfield, Tepper & Epstein, Leora I. Goren and Jonathan M. Turner for Defendant and Respondent.

**OPINION**

**FUKUTO, J.**—Plaintiff, Al B. Denney (Denney), appeals from summary judgment in favor of defendant, Universal City Studios, Inc. (Universal), in an action for age discrimination in employment, handicap discrimination, and retaliation. The trial court granted summary judgment although Universal had moved only for summary adjudication of the latter two causes of action, and had acknowledged that the age discrimination claim should be tried. The summary judgment therefore was unauthorized and must be reversed.

However, the procedural posture of the case also permits review, as the parties request, of the implicit adverse summary adjudication of Denney's handicap discrimination and retaliation causes of action. With respect to these, we hold that the former is precluded by the exclusive remedy provisions of the workers' compensation act, but that the latter withstands all challenges Universal advances and may proceed.

## FACTS

The depositions, declarations, and exhibits before the trial court disclosed the following. Denney, age 54 in 1989, worked as a motion picture set lighting technician beginning in 1960. As of 1979, he worked principally for Universal, being called in on a daily or weekly basis. In 1979, he suffered on-the-job ankle and knee injuries, both requiring surgery, for which he received workers' compensation from Universal. Denney worked infrequently until declared medically able in 1983.

When he resumed working for Universal in 1984, Denney was generally assigned to fixtures, a limited and relatively unstrenuous aspect of set lighting. Whether Denney requested this limitation is in dispute. However, commencing in 1986, he sought full "show" assignments, and Universal apparently did not provide him them. Denney's work for Universal and resulting income declined from over $39,000 in 1985 to less than $2,000 in 1988.

According to Denney, beginning in 1986 Rick Maas, assistant to Universal's set lighting director, repeatedly told Denney he was too old and crippled to work, and that Universal needed younger, healthier men.

In 1987, Denney several times requested that James Murphy be assigned to assist him. Murphy was an experienced technician, and Denney was dissatisfied with the "permits"—generally younger workers, not yet eligible for union membership—Universal was providing him. At that time, Murphy had a union grievance pending against Universal, based on his not being used in favor of the younger permits. After several requests for Murphy, Denney was told he would not be brought in until his outstanding grievance was resolved.

When Denney told Murphy of this, Murphy filed a second grievance. In August 1987 Denney testified on Murphy's behalf, allegedly complaining that the use of permits effected displacement of older technicians. When Denney finished testifying, Maas told him, by Denney's account, "That's it. You're through at Universal."

Denney was called to work at Universal for only 10 days in 1988, and for 5 in 1989. He was "laid off"—i.e., not recalled for the next day of an ongoing job—several times during the first week of May 1989, being restored only upon demand of the set decorator. After May 8, 1989, Denney was never recalled by Universal.

On May 24, 1989, Denney, in propria persona, visited the United States Equal Employment Opportunity Commission (EEOC) to complain of his treatment. He filled out an EEOC intake questionnaire, in which he charged he had been "gradually phased out" because of age, retaliation, and physical handicap. On May 30, an EEOC employee presented Denney with a prepared charge of discrimination, to be filed with both the EEOC and the California Department of Fair Employment and Housing (DFEH). The charge alleged only age discrimination. Denney objected to the omission of retaliation and handicap discrimination, but the representative replied that that was how a claim was commenced. Denney executed the charge, and it was filed with both agencies.

Two days later, the DFEH notified Denney that the EEOC would be processing the complaint, and the DFEH was closing the case on that basis. Accordingly, the DFEH notified Denney, he had one year to bring suit under the Fair Employment and Housing Act, Government Code section 12900 et seq. (FEHA). (See Gov. Code, § 12965, subd. (b).)

The results of the EEOC investigation do not appear in the record. However, in May 1990 Denney hired counsel, at the suggestion of an EEOC investigator. At counsel's suggestion, Denney revisited the EEOC, which on May 30 and June 4, 1990, issued further and amended charges, which included Denney's claim of retaliation.

Simultaneously, on May 23, 1990, Denney filed a charge alleging retaliation and handicap discrimination, as well as age discrimination, directly with the DFEH. The DFEH immediately closed that charge "on the basis of no jurisdiction," because it had been presented more than one year after Denney's last employment with Universal. (See Gov. Code, § 12960.) The notice of closure again included notice of the right to sue, under Government Code section 12965, subdivision (b).

Denney commenced this action on May 29, 1990. His operative, second amended complaint alleged causes of action for age discrimination, retaliation, and physical handicap discrimination, all in violation of the FEHA (Gov. Code, §§ 12940, subds. (a), (f), 12941, subd. (a)).

Shortly before the date set for trial, Universal moved for summary adjudication (Code Civ. Proc., § 437c, subd. (f)) of several issues assertedly

foreclosing the retaliation and handicap discrimination causes of action. The motion did not address the age discrimination claim, and at the hearing Universal's counsel told the court, "[W]e are not arguing the age discrimination case. We have no doubt that should go to trial." However, the court three days later issued a minute order that "The motion for summary judgment is GRANTED as prayed [*sic*]; [¶] counsel for defendant to prepare the judgment; [¶] the trial date . . . is advanced and vacated and set aside . . . ." Judgment for Universal followed.

DISCUSSION

1. *The Summary Judgment.*

■ The summary judgment, spontaneously granted without Universal's so moving or in any way challenging Denney's age discrimination cause of action, exceeded the court's jurisdiction, and must be reversed. (See *Foremost Ins. Co.* v. *Wilks* (1988) 206 Cal.App.3d 251, 260, fn. 8 [253 Cal.Rptr. 596].)

Both parties request that we yet consider Universal's contentions for summary adjudication of Denney's retaliation and handicap causes of action. Although summary adjudication short of summary judgment is generally nonappealable (see Code Civ. Proc., §§ 437c, subds. (j), (*l*), 904.1), issues that were separately tendered for summary adjudication may be reviewed on appeal from a summary judgment. (*White Motor Corp.* v. *Teresinski* (1989) 214 Cal.App.3d 754, 764, fn. 17 [263 Cal.Rptr. 26].) We therefore proceed to consider the issues Universal presented below and seeks to sustain here.[1]

2. *Exhaustion of Administrative Remedies.*

In Government Code section 12960, the FEHA provides (with an exception not here applicable) that a complaint of FEHA violation may be filed with the DFEH not more than one year after the unlawful practice occurred. Filing of the complaint, in turn, leads to the "right to sue" notice authorizing a lawsuit (Gov. Code, § 12965, subd. (b)). Hence, such filing is an administrative process that must be "exhausted" as a precondition to suit. (See, e.g., *Yurick* v. *Superior Court* (1989) 209 Cal.App.3d 1116, 1121 [257 Cal.Rptr. 665].)

■ Universal's first contention below was that Denney failed to satisfy this requirement with respect to his retaliation and handicap discrimination

---

[1]Universal asserted four issues below. Although technically not in compliance with Code of Civil Procedure section 437c, subdivision (f), as amended, which authorizes summary adjudication only of entire causes of action, etc., each issue did assert a bar to one or both of Denney's retaliation and handicap causes. Universal has briefed only three of these issues here; we do not treat the fourth one, which in any event appears dubious.

claims, because his complaint, filed with the DFEH through the EEOC a few weeks after Universal ceased employing him, charged only age discrimination. Denney's amended and further charges, alleging retaliation and handicap discrimination, were not filed until a few weeks after a year following his discharge.

Denney advances numerous theories in opposition to this claim. Many of them lack merit; but there also exist clear grounds why Universal's exhaustion claim cannot be summarily sustained. These reasons appear from two decisions of the United States Court of Appeals for the Ninth Circuit, concerning exhaustion of federal, EEOC remedies: *Albano* v. *Schering-Plough Corp.* (9th Cir. 1990) 912 F.2d 384 (*Albano*), and *Casavantes* v. *California State University, Sacramento* (9th Cir. 1984) 732 F.2d 1441 (*Casavantes*).[2]

In *Albano*, the trial court dismissed the employee's claim of age discrimination resulting in constructive discharge, because his EEOC charge had alleged only age discrimination in promotion. On appeal, the employee conceded, and the Ninth Circuit agreed, that the latter charge could not be construed or treated as encompassing the former. Nevertheless, the court reversed the dismissal, because the failure to include the discharge claim in the administrative charge had been the fault of the EEOC, not the plaintiff. The evidence showed that after filing the original, promotion charge, the plaintiff had reported his constructive discharge to the EEOC, and requested it amend the charge to include that violation; but the EEOC had refused to do so, assuring plaintiff "that his original charge for failure to promote encompassed this claim." (*Albano*, *supra*, 912 F.2d at p. 386.) The court held that the EEOC's refusal to amend the timely charge upon request justified equitably excusing the plaintiff's noncompliance. In so holding, the court rejected the employer's argument that the unamended charge did not provide it notice of the claim in suit. The court observed that an administrative charge serves more to initiate the administrative process than "as a pleading giving notice to the employer. [Citations.]" (*Id.* at p. 388; see *Valdez* v. *City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1060-1061 [282 Cal.Rptr. 726] [similar purposes under FEHA].)

*Casavantes* presented a similar situation. There, the plaintiff went to the EEOC 248 days into the 300-day period for filing a charge under 42 United States Code section 2000e-5(e). He filled out the same intake questionnaire form that Denney completed in this case, and was interviewed by an agency

---

[2]As Universal states in its brief, "The parties are in agreement that in analyzing employment discrimination cases arising under the FEHA, courts may look to employment discrimination cases arising under applicable federal law."

representative. The EEOC prepared the formal charge for plaintiff's signature 313 days after the violation. The trial court dismissed the subsequent lawsuit on grounds of noncompliance with the 300-day administrative limitations period. Reversing, the Ninth Circuit held that the intake questionnaire the plaintiff had completed within the limit sufficed, given his subsequent verification of the formal charge, to fulfill the statutory requirement of filing a written charge.

Applied to the facts Denney adduced below, these cases, separately and together, would require that he be deemed to have timely complied with the FEHA's one-year complaint requirement with respect to all of his claims. According to Denney, less than three weeks after his termination he filled out an EEOC intake questionnaire, alleging not only age discrimination but also retaliation and handicap discrimination. When the EEOC presented him with a formal charge raising only the former he complained, but was told that this charge was sufficient to commence the administrative process (which included referral to the DFEH). Denney allegedly relied on this posture as long as he remained in propria persona. When his new attorney told him to amend the administrative charges—a few days after the one-year period had expired—he promptly did so, at both the EEOC and the DFEH. On these facts, neither equity nor the purposes of the exhaustion requirement would support or permit barring Denney's claims. Particularly is this so because the DFEH here always withheld commencing an administrative proceeding of its own, deferring instead to the EEOC.[3] Under the evidence presented, we cannot hold that Denney's claims are barred by failure to exhaust administrative remedies.

3. *Preemption of the Handicap Discrimination Claim.*

■ The second ground of Universal's motion for summary adjudication was that Denney's handicap discrimination cause of action was barred by the exclusive remedy provisions of the workers' compensation act. Universal relies on Labor Code section 132a (§ 132a), which prescribes a range of remedies for an employee who has been discharged or otherwise discriminated against for, among other things, seeking or receiving workers' compensation.

---

[3]At the time in question, the EEOC's jurisdiction did not extend to handicap discrimination claims, although it did to retaliation claims. Without elaborating upon the technical and practical interrelationship between the EEOC and the DFEH, Denney's described effort to commence proceedings on the handicap claim yet would support a finding of timely exhaustion. In any event, any theoretical distinction between the two claims because of agency jurisdiction would be inconsequential in light of our determination below that the handicap cause of action is otherwise barred.

The Supreme Court has broadly construed section 132a, as providing a remedy for all kinds of what may be termed "employer handicap discrimination" where the handicap arises under compensable circumstances. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 666-668 [150 Cal.Rptr. 250, 586 P.2d 564].) And another division of this court has held that such discrimination falls within the exclusive purview of the workers' compensation system, and hence may not be the subject of litigation under the FEHA. (*Pickrel* v. *General Telephone Co.* (1988) 205 Cal.App.3d 1058 (*Pickrel*) [252 Cal.Rptr. 878].)

We agree with *Pickrel*, both on its own terms and in light of later developments. Since *Pickrel* was decided, courts have distinguished between the type of discrimination specifically addressed by section 132a and other types, which have been held actionable under the FEHA notwithstanding workers' compensation. For example, in a case involving sex discrimination and harassment, the court rejected the employer's claim of workers' compensation exclusivity but stated in part: "Workers' compensation . . . is not designed to combat employment discrimination, except in the case of employers who discriminate against industrially injured employees who exercise workers' compensation remedies. (See Lab. Code, § 132a.)" (*Meninga* v. *Raley's, Inc.* (1989) 216 Cal.App.3d 79, 88 [264 Cal.Rptr. 319].)

Denney contends he does not fall within the class protected by section 132a, because he was a "daily hire" at Universal, and therefore its discrimination was not a termination but rather a refusal to hire (or rehire) him. On the facts before us, the asserted distinction fails. Denney was employed by Universal at all relevant times preceding the allegedly discriminatory acts; he was Universal's employee when he became injured (handicapped); and he received workers' compensation for that injury, as well as occasional unemployment compensation, through Universal. He thus fits comfortably within the contemplation of section 132a, which provides for an increase of compensation together with reinstatement and lost wages. (Cf. *Morehouse* v. *Workers' Comp. Appeals Bd.* (1984) 154 Cal.App.3d 323, 328-329 [201 Cal.Rptr. 154] [laid-off employee who received unemployment benefits and awaited rehiring qualified under § 132a].) Similarly, *Barns* v. *Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524, 539 [266 Cal.Rptr. 503], held that refusal to rehire a former employee who had been discriminatorily terminated constituted a violation of section 132a, notwithstanding an employment relationship had not technically existed at that juncture. In sum, just as the liberally construed section 132a provides a remedy for the

handicap discrimination of which Denney complains, that exclusive remedy precludes his cause of action under the FEHA.[4]

### 4. *The Retaliation Claim.*

■ Universal challenged Denney's retaliation claim on two factual premises. First, Universal contended the evidence established without dispute that Murphy's union grievance, and Denney's testimony that supported it and allegedly elicited Maas's promise to retaliate ("you're through"), did not concern age discrimination, and hence the alleged retaliation did not violate the FEHA. (See Gov. Code, § 12940, subd. (f) [prohibiting discharge or discrimination because a person has "opposed any practices forbidden under" the FEHA].) Second, Universal contended that Denney failed to establish a causal link between Maas's 1987 threat and Denney's termination over a year and one-half later.

Neither of these contentions justified summary adjudication of the retaliation claim. Concerning the nature of Murphy's grievance and Denney's participation in it, the evidence was consistent, but inconclusive. Denney testified he believed it was an age discrimination grievance involving the use of younger permits. Murphy explained he had sought to prosecute the grievance as age discrimination, but his union representative had told him it would be more effective to base it on Universal's use of nonunion personnel. Murphy also stated Denney's arbitration testimony did not concern age discrimination, but later declared that at the hearing Denney had mentioned his understanding the problem under inquiry was age discrimination, from which both he and Murphy suffered through Universal's preference for permits. This record is inconclusive; it does not warrant a determination, as a matter of law, that Denney did not undergo retaliation for opposing age discrimination.

■ Universal's claim of noncausation also is deficient. To obtain summary adjudication, it was Universal's burden to disprove or otherwise negate the retaliation claim, not Denney's to sustain it. (*Valdez* v. *City of Los Angeles, supra,* 231 Cal.App.3d at pp. 1050-1051.) By referring merely to the time lapse between Maas's threat and Denney's final termination, during

---

[4]As Denney notes, the Supreme Court has granted review of a case contrary to *Pickrel, supra.* (*Hartman* v. *Mathis & Bolinger Furniture Co.** (Cal.App.).) Should the high court decide the question of section 132a's preemption differently, there will be numerous means by which that holding may be imported into this case.

*Review granted August 22, 1991. Review dismissed as improvidently granted on April 1, 1993.

which time Denney's days working for Universal steadily dwindled, Universal failed to do so. Accordingly, Universal's motion did not warrant summary adjudication of Denney's retaliation claim.[5]

## DISPOSITION

The judgment is reversed. On remand, the superior court shall enter an order (a) summarily adjudicating that plaintiff's handicap discrimination cause of action is barred, and (b) denying defendant's motion for summary adjudication in all other respects. Plaintiff's request for attorney fees is denied without prejudice. Plaintiff shall otherwise recover costs on appeal.

Gates, Acting P. J., and Nott, J., concurred.

---

[5]Denney requests attorney fees for this appeal, under Government Code section 12965, subdivision (b), which grants discretion in FEHA litigation to award such fees "to the prevailing party." Denney's request is premature: this litigation has not been concluded, and indeed he has only partly prevailed on this appeal. The application will be denied, without prejudice to renewal should Denney finally prevail in the action.