[No. A078483. First Dist., Div. Five. July 24, 1998.]

THADDEUS KEIFFER, Plaintiff and Respondent, v.
BECHTEL CORPORATION, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Parts I., II.A.3., 4., & 5., and II.B., C., D., & E. are not certified for publication. (See Cal. Rules of Court, rules 976(b) and 976.1.)*

## COUNSEL

Quadros & Johnson, Katherine M. Quadros, Thelen, Marrin, Johnson & Bridges, Michael C. Hallerud, Daniel R. Sovocool, Curtis A. Cole and Mary E. Wilcox for Defendant and Appellant.

Kerosky & Bradley, Edwin L. Bradley, Christopher A. Kerosky, Quackenbush & Quackenbush and William C. Quackenbush for Plaintiff and Respondent.

## OPINION

**JONES, J.**—Bechtel Corporation terminated its employee, Thaddeus Keiffer, during a period of corporate "downsizing." Keiffer was informed of his termination on October 4, 1994. After filing a complaint with the California Department of Fair Employment and Housing (DFEH) and receiving a right-to-sue notice, Keiffer brought this action against his former employer. A trial was held on the merits and the jury found for Keiffer on his claims of age discrimination, breach of an implied contract to terminate only for cause and breach of the implied covenant of good faith and fair dealing. The jury awarded Keiffer $322,975 in compensatory damages, $225,000 in emotional distress damages and $800,000 in punitive damages. Bechtel challenges the jury's verdict on each of the three claims and challenges the award of punitive damages. We affirm.

### I. FACTUAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II. DISCUSSION

#### A. *The Age Discrimination Claim*

##### 1. *The jurisdiction issue.*

To bring a civil action under the Fair Employment and Housing Act (FEHA), a person must first file a claim with the DFEH within one year of

---

*See footnote, *ante,* page 893.

the date upon which the alleged act of discrimination occurred. (Gov. Code, § 12960.) Bechtel raises for the first time in its reply brief a contention that the jury based its verdict on instances of alleged discrimination for which Keiffer did not follow this procedure and therefore did not exhaust his administrative remedies. More specifically, Bechtel argues that Keiffer's DFEH complaint, while timely with respect to his termination, was untimely with respect to events allegedly occurring between 1990 and 1993. Bechtel therefore contends that the trial court should not have permitted the jury to base its verdict on events occurring during that time period. Bechtel contends that it can raise this issue in its reply brief because it presents a question of subject matter jurisdiction.

■ The adequacy of the court's subject matter jurisdiction must be addressed whenever that issue comes to the court's attention. For example, in *In re Marriage of Oddino* (1997) 16 Cal.4th 67 [65 Cal.Rptr.2d 566, 939 P.2d 1266], the question of the trial court's "subject matter jurisdiction was not raised by the parties in either of the lower courts and was not addressed by the Court of Appeal . . . ." (*Id.* at p. 73.) The issue was raised "for the first time in [the] petition for review." (*Ibid.*) Nevertheless, the California Supreme Court considered itself bound to address the issue. (See also *Minor* v. *Municipal Court* (1990) 219 Cal.App.3d 1541, 1547 [268 Cal.Rptr. 919].) Therefore, while it is unfortunate that Bechtel did not raise this issue earlier in the appellate process, we are compelled to consider its merits if, in fact, it questions the trial court's fundamental, subject matter jurisdiction.

■ Whether a failure to satisfy FEHA's administrative prerequisites concerns the trial court's fundamental, subject matter jurisdiction is unsettled, however.[1] Bechtel cites several of the numerous cases that state that exhaustion of FEHA administrative remedies is a "jurisdictional" requirement. (See, e.g., *Miller* v. *United Airlines, Inc.* (1985) 174 Cal.App.3d 878, 889-890 [220 Cal.Rptr. 684]; *Bennett* v. *Bordon, Inc.* (1976) 56 Cal.App.3d 706, 708-710 [128 Cal.Rptr. 627].) As our Supreme Court has explained, however, the term "jurisdiction" has been "used continuously in a variety of situations." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715].) One meaning of that term is fundamental jurisdiction or the "entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties," "[b]ut in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations." (*Id.* at p. 288.)

---

[1] We note that in *Soldinger* v. *Northwest Airlines, Inc.* (1996) 51 Cal.App.4th 345 [58 Cal.Rptr.2d 747], Division Three of the Second District concluded without analysis that an argument that ". . . some of the alleged discriminatory acts were time barred as they occurred more than one year prior to the filing of the discrimination charge," could not be raised for the first time in a letter brief filed in response to an inquiry by that court. (*Id.* at p. 383, fn. 19.)

Thus, the fact that many decisions describe FEHA's exhaustion requirement as a jurisdictional prerequisite to a civil action does not necessarily mean that the issue presented here concerns the court's *fundamental subject matter* jurisdiction. *Okoli* v. *Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607 [43 Cal.Rptr.2d 57] (*Okoli*) illustrates this ambiguity. In *Okoli,* the Sixth District reiterated the oft-cited proposition that the exhaustion of the administrative remedy provided in FEHA is a jurisdictional prerequisite to resort to the courts. (*Id.* at p. 1613.) Lockheed argued that the plaintiff's verdict on a retaliation cause of action was barred by the exhaustion of remedies doctrine because the plaintiff's DFEH charge included only claims for discrimination and harassment based on race and national origin. The plaintiff did not amend his DFEH claim to state subsequent alleged acts of retaliation. When the plaintiff argued that defendant Lockheed had waived any defense based on the plaintiff's alleged failure to exhaust administrative remedies, the court concluded Lockheed had raised the issue at every stage of the proceeding, refuting the factual component of the plaintiff's argument. (*Id.* at pp. 1613-1614.) The court did not treat the issue as one involving subject matter jurisdiction, which cannot be waived.

Similarly, in *Denney* v. *Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226 [13 Cal.Rptr.2d 170], the court applied an equitable exception to FEHA's exhaustion requirement and permitted a plaintiff to advance claims which were not included in the administrative charge. (*Id.* at p. 1234.) ". . . Denney, in propria persona, visited the United States Equal Employment Opportunity Commission (EEOC) to complain of his treatment. He filled out an EEOC intake questionnaire, in which he charged he had been 'gradually phased out' because of age, retaliation, and physical handicap. On May 30, an EEOC employee presented Denney with a prepared charge of discrimination, to be filed with both the EEOC and the California Department of Fair Employment and Housing (DFEH). The charge alleged only age discrimination. Denney objected to the omission of retaliation and handicap discrimination, but the representative replied that that was how a claim was commenced. Denney executed the charge, and it was filed with both agencies." (*Id.* at p. 1231.) The *Denney* court concluded that "[o]n these facts, neither equity nor the purposes of the exhaustion requirement would support or permit barring Denney's claims [of retaliation and handicap discrimination]." (*Id.* at p. 1234.) The *Denney* court could not have reached this result if the presentation of each and every claim to the DFEH was a prerequisite to the subject matter jurisdiction of a civil action based on those claims.

In several other contexts, California appellate courts have expressly recognized what is only implicit in *Okoli* and *Denney*. ■ "[T]he exhaustion doctrine does not implicate subject matter jurisdiction but rather is a 'procedural prerequisite' 'originally devised for convenience and efficiency'

. . . [Citation.] It is 'jurisdictional' only in the sense that a court's failure to apply the rule in a situation where the issue has been properly raised can be corrected by the issuance of a writ of prohibition." (*Green* v. *City of Oceanside* (1987) 194 Cal.App.3d 212, 222 [239 Cal.Rptr. 470], italics omitted (*Green*); see also *Azusa Land Reclamation Co.* v. *Main San Gabriel Basin Watermaster* (1997) 52 Cal.App.4th 1165, 1215-1216 [61 Cal.Rptr.2d 447]; *Wallis* v. *Farmers Group, Inc.* (1990) 220 Cal.App.3d 718, 735-736 [269 Cal.Rptr. 299]; but see *People* v. *Coit Ranch, Inc.* (1962) 204 Cal.App.2d 52, 57 [21 Cal.Rptr. 875] [in civil action challenging assessment levied by Director of Agriculture, failure to exhaust administrative remedies may be raised at any time].)

Accordingly, in an action for refund of property taxes, this division held that the defense that the plaintiff-taxpayers had not exhausted their administrative remedies by filing valid applications for reduction in assessment, although possibly jurisdictional, did not concern the trial court's subject-matter jurisdiction and hence the defense could be waived if not timely asserted. (*Mission Housing Development Co.* v. *City and County of San Francisco* (1997) 59 Cal.App.4th 55, 66-67 [69 Cal.Rptr.2d 185].) Thus, describing FEHA's administrative requirements as "jurisdictional" does not resolve the question of whether those requirements implicate the trial court's fundamental, subject matter jurisdiction.

Nor do we find dispositive the summary conclusion of some decisions that FEHA's exhaustion requirement is "not procedural." (See, e.g., *Miller* v. *United Airlines, Inc., supra,* 174 Cal.App.3d at p. 889.) A requirement may be jurisdictional, not procedural, and yet not affect the court's fundamental, subject matter jurisdiction. "The concept of jurisdiction embraces a large number of ideas of similar character, some fundamental to the nature of any judicial system, some derived from the requirement of due process, some determined by the constitutional or statutory structure of a particular court, and some based upon mere procedural rules originally devised for convenience and efficiency, and by precedent made mandatory and jurisdictional." (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at p. 291.)

None of the cases cited by Bechtel concerns the issue of whether a defendant can waive this "jurisdictional" defense. We therefore conclude that those cases do not provide guidance. Instead, we begin our analysis by examining the statutory grant of "jurisdiction." Government Code section 12965[2] states, in relevant part, as follows: "If an accusation is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly

---

[2]Unless otherwise indicated, all further statutory references are to the Government Code.

notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of that notice. If the person claiming to be aggrieved does not request a right-to-sue notice, the department shall issue the notice upon completion of its investigation, and not later than one year after the filing of the complaint. A city, county, or district attorney in a location having an enforcement unit established on or before March 1, 1991, pursuant to a local ordinance enacted for the purpose of prosecuting AIDS/HIV discrimination claims, acting on behalf of any person claiming to be aggrieved due to HIV/AIDS discrimination, may also bring a civil action under this part against the person, employer, labor organization, or employment agency named in the notice. *The superior, municipal, and justice courts of the State of California shall have jurisdiction of those actions, and the aggrieved person may file in any of these courts.*" (§ 12965, subd. (b), italics added.)

Presuming for the sake of this appeal that this statute does define subject matter or fundamental jurisdiction, it confers such jurisdiction over "those actions." (See § 12965, subd. (b).) The only "action" mentioned in section 12965, subdivision (b) is "a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint . . . ."[3] Arguably, therefore, under section 12965, subdivision (b), a prerequisite to the court's jurisdiction is the filing of a verified complaint with the DFEH naming the defendant.

Even if the filing of such a complaint is a jurisdictional prerequisite, Keiffer has met that requirement. It is undisputed that Keiffer filed a complaint with the DFEH and received a right-to-sue notice. Section 12965, subdivision (b) requires no more for purposes of jurisdiction.

> 2. *Bechtel waived its contention that the verdict was based on allegations that were not encompassed within Keiffer's right-to-sue notice.*

Bechtel contends that Keiffer failed to present his allegations to the DFEH within *one year* of the date upon which the alleged act of discrimination occurred.[4] (See § 12960.) However, while FEHA contains this and other procedural prerequisites, these prerequisites do not concern the trial court's

---

[3]Section 12965 comes within part 2.8 of Government Code, title 2, division 3. Within that part is the statutory provision making it unlawful to discriminate on the basis of age. (See § 12941.)

[4]Keiffer responds to Bechtel's contention by relying on the continuing violation doctrine. That doctrine creates an equitable exception to the one-year limit for filing an administrative

fundamental jurisdiction. In other words, the *scope* of the civil action permitted by a right-to-sue notice does not concern the trial court's subject matter jurisdiction. Certainly, if Bechtel had timely presented this issue, the trial court would have been required to determine whether any of Keiffer's claims were time-barred. (See *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 83 [276 Cal.Rptr. 130, 801 P.2d 373]; *Balloon* v. *Superior Court* (1995) 39 Cal.App.4th 1116, 1120 [146 Cal.Rptr.2d 161]; cf. *United Air Lines, Inc.* v. *Evans* (1977) 431 U.S. 553 [97 S.Ct. 1885, 52 L.Ed.2d 571].) At this juncture, however, Bechtel has waived its contention that Keiffer's administrative complaint was not timely to assert claims with respect to events allegedly occurring between 1990 and 1993, because, at a minimum, Bechtel failed to raise this issue in its opening brief on appeal.[5] We decline to consider this issue raised for the first time in Bechtel's reply brief, and conclude the jury could properly consider Keiffer's evidence of events that occurred between 1990 and 1993.

This conclusion respects the concern expressed in *Green*: "We think it would be grossly unfair to allow a defendant to ignore this potential procedural defense at a time when facts and memories were fresh and put a plaintiff to the time and expense of a full trial, knowing it could assert the failure to exhaust administrative remedies if it received an adverse jury verdict. The exhaustion doctrine is simply a 'procedural prerequisite' [citation] the [defendant in *Green*] decided to forego. Having elected to put Green to his proof before a jury, the [defendant's] dissatisfaction with that result is an insufficient reason for reversal." (*Green, supra,* 194 Cal.App.3d at pp. 222-223.)

Where, as here, there exists at least facially adequate compliance with the statute in the form of a right-to-sue notice, the details with respect to which

complaint with the DFEH. (See *Accardi* v. *Superior Court* (1993) 17 Cal.App.4th 341, 349 [21 Cal.Rptr.2d 292].) "Under this doctrine, a complaint arising under FEHA is timely if *any* of the discriminatory practices continues into the limitations period." (*Ibid.,* italics in original.)

[5]Bechtel represents that its opening brief contains an argument that "it was instructional error for the court to refuse to give Bechtel's limiting instruction regarding the jury's consideration of evidence of events that occurred more than one year before plaintiff filed a charge of discrimination with the DFEH." The only argument in that regard which we find in Bechtel's 50-page opening brief appears in a single footnote, which cites only 3 federal district court decisions. To illustrate the complexity of the issue, Bechtel devotes over 10 pages of its reply brief to the issue of the timeliness of Keiffer's allegations based on events that occurred in 1990 through 1993. At oral argument Bechtel conceded that this footnote in its opening brief is inadequate to raise the exhaustion issue. It is therefore inadequate to challenge the jury's consideration of evidence of events that occurred in 1990 through 1993. (See *Mansell* v. *Board of Administration* (1994) 30 Cal.App.4th 539, 545 [35 Cal.Rptr.2d 574].)

claims the right-to-sue notice permits the plaintiff to advance is a matter which must be timely raised or be forever waived.[6]

 3.-5.*

. . . . . . . . . . . . . . . . . . . . . . . .

 B.-E.*

. . . . . . . . . . . . . . . . . . . . . . . .

III. DISPOSITION

We affirm the judgment. The case is remanded to the trial court for a determination of the amount of the award of attorney fees and costs on appeal.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied August 18, 1998, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied October 14, 1998.

---

[6]This conclusion is also consistent with the decisions of several federal circuit courts, which have concluded that filing a complaint with the EEOC (Equal Employment Opportunity Commission) is not a jurisdictional requirement to a title VII civil action, but rather that the prerequisite of an EEOC filing should be viewed merely in the nature of a condition precedent or an affirmative defense that can be waived if it is not asserted by the defendant. (See, e.g., *Temengil* v. *Trust Territory of Pacific Islands* (9th Cir. 1989) 881 F.2d 647, 654; *Womble* v. *Bhangu* (5th Cir. 1989) 864 F.2d 1212, 1213; *Jackson* v. *Seaboard Coast Line R. Co.* (11th Cir. 1982) 678 F.2d 992, 1005; but see, e.g., *Knopp* v. *Magaw* (10th Cir. 1993) 9 F.3d 1478, 1479 ["In the Tenth Circuit, administrative '[e]xhaustion is a jurisdictional prerequisite to suit under 42 U.S.C. § 2000e-16.' "].) These circuit courts based their conclusions on the United States Supreme Court's decision in *Zipes* v. *Trans World Airlines, Inc.* (1982) 455 U.S. 385 [102 S.Ct. 1127, 71 L.Ed.2d 234] (*Zipes*). There, the United States Supreme Court held that a *timely* filing before the EEOC was not a jurisdictional prerequisite to the maintenance of a title VII action in the district court. (*Id.* at p. 393 [102 S.Ct. at pp. 1132-1133].) While we often look to federal case law for guidance in the area of employment discrimination law, the *Zipes* decision provides marginal guidance in the interpretation of FEHA because *Zipes* is premised at least in part on language specific to title VII. (See *id.* at pp. 393-394 [102 S.Ct. at pp. 1132-1133].) However, we agree with and have followed the United States Supreme Court's method of analysis; we have looked to the statute defining jurisdiction. (*Ibid.*)

 *See footnote, *ante*, page 893.