Filed 10/18/13  Simon v. Health Net CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARINE SIMON, | B240167 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC455432) |
| v. | |
| HEALTH NET OF CALIFORNIA, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rita Miller, Judge.  Affirmed.

Shegerian & Associates and Carney R. Shegerian for Plaintiff and Appellant.

Ballard Rosenberg Golper & Savitt, Linda Miller Savitt, Jonathan Rosenberg and Christine T. Hoeffner for Defendants and Respondents.

Plaintiff and appellant Marine Simon (Simon) appeals a judgment following a grant of summary judgment in favor of defendants and respondents Health Net of California, Inc. (Health Net of California) and Health Net, Inc. (Health Net).

The essential issue presented is whether Simon complied with the California Fair Employment & Housing Act's (FEHA) exhaustion requirement before filing suit. (Gov. Code, § 12900 et seq., § 12960.)[1]

With respect to Health Net, we conclude the instant action is barred because Simon failed to file an administrative complaint with the Department of Fair Employment & Housing (DFEH) prior to filing suit. Simon's DFEH complaint, which solely named Health Net of California, cannot be construed to extend to Health Net.

As for Health Net of California, this action is barred because, as the trial court found, Health Net of California was not Simon's employer at the time of the acts alleged in the complaint.

Therefore, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Pertinent facts*.

Simon initially worked for Health Net of California, from March 1, 2004 until May 2005, as a commissions specialist.

In May 2005, Simon became an employee of Health Net. Simon applied for, and was hired as, a treasury analyst in Health Net's treasury department, with a start date of May 2, 2005. Simon remained in the treasury department during the remainder of her employment at Health Net. Kevin Low was Simon's supervisor, while Jonathan Rollins headed the treasury department at Health Net.[2]

---

[1] All statutory references are to the Government Code, unless otherwise specified.

[2] Simon's lawsuit also named Low and Rollins as defendants. However, on December 22, 2011, prior to the hearing on the motion for summary judgment, Simon filed a request to dismiss her action, with prejudice, as against Low and Rollins. Therefore, no discussion is necessary with respect to the two individual defendants.

2

Simon became pregnant in March 2009. On November 3, 2009, Simon submitted a Certification of Health Care Provider for Medical Leave form, requesting a pregnancy/maternity leave of absence. Simon requested a leave of absence from November 16, 2009 to January 27, 2010, and that she anticipated returning to work on April 22, 2010. Simon planned to use accrued vacation time for the period between January 28, 2010 and April 19, 2010.

Simon's request for a leave of absence from November 16, 2009 to April 19, 2010 was approved.

On February 23, 2010, Simon's doctor submitted a Physician's Supplementary Certificate to Health Net, indicating that Simon had a condition known as spondylolisthesis, which necessitated a disability related leave of absence from February 23, 2010 to April 6, 2010. This condition caused Simon to experience pain in her lower back, right arm and shoulder. Health Net approved the request for a medical leave of absence from February 23, 2010 to April 6, 2010, as requested. Health Net approved two subsequent requests to extend the medical leave of absence through May 17, 2010, and then until June 18, 2010.

In May or June of 2010, Simon's physician requested that her leave of absence be extended to November 15, 2010.

On June 14, 2010, Simon received a letter informing her that her time allowed under Health Net's medical leave policy would expire on June 18, 2010. Following Simon's receipt of said letter, she spoke by telephone to Christine Artinian, Senior Absence Management Consultant of Absence and Disability Management. Artinian offered Simon the alternate accommodation of working a reduced schedule or working from her home, and informed Simon that she would be sending her an accommodation packet.

On June 29, 2010, Simon received a letter from Artinian notifying her that her employment would be terminated effective July 7, 2010, because Simon would not accept either of the accommodations offered by Health Net, and because Simon was

3

unable to return to work and perform the essential functions of her job for at least another five months.

2. *Simon's DFEH complaints.*

On February 1, 2011, Simon filed three complaints of discrimination with the DFEH against Health Net of California, Rollins and Low, alleging she had been discriminated against and harassed based upon her medical condition and pregnancy, that she had been retaliated against, and that her request for an accommodation had been denied.

On February 1, 2011, the DFEH issued Simon notices of case closure, indicating her three complaints were being closed "because an immediate Right-To-Sue Notice was requested."

3. *Superior court proceedings.*

a. *Pleadings.*

On February 17, 2011, Simon commenced this action against Health Net of California, alleging various causes of action pursuant to the FEHA (§ 12900 et seq.) and the California Family Rights Act (CFRA) (§ 12945.2), which is a part of the FEHA. (*Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 868.)[3]

A first amended complaint followed on March 11, 2011.

On April 11, 2011, Health Net of California served its answer to the first amended complaint, asserting as affirmative defense No. 14 that "*Plaintiff was not employed by Health Net of California, Inc.*" (Italics added.)[4]

On October 11, 2011, Simon filed an amendment to the operative first amended complaint, substituting "Health Net, Inc." for Doe 1.

---

[3]     The exhaustion requirement applies to CFRA claims as well as FEHA claims. Because the CFRA is part of the FEHA, before bringing a cause of action under the CFRA, the employee must exhaust administrative remedies provided by FEHA by filing an administrative complaint with the DFEH, and obtaining a notice of right to sue. (*Mora v. Chem-Tronics, Inc.* (1998) 16 F.Supp.2d 1192, 1201.)

[4]     As of April 11, 2011, only nine months had elapsed since Simon's July 2010 termination by Health Net.

b. *Motion for summary judgment.*

On November 23, 2011, Health Net and Health Net of California filed a motion for summary judgment or alternatively, summary adjudication. Health Net of California asserted, inter alia, it was entitled to summary adjudication as to each of Simon's causes of action "because Health Net of California, Inc. was not Simon's employer at any time relevant to this action." It presented evidence that Simon had not worked for Health Net of California since May 2005.

Health Net, in turn, contended it was entitled to summary adjudication on the ground, inter alia, that "Simon failed to exhaust her administrative remedies against Health Net, Inc. by filing a Complaint of Discrimination against it with the DFEH." Health Net presented evidence that Simon's DFEH complaints had only named her previous employer, Health Net of California, as well as Rollins and Low, and had failed to mention Health Net in her DFEH complaints.

c. *Simon files an "amended" charge with the DFEH, purporting to amend the closed administrative complaint to name Health Net as her employer*.

On December 15, 2011, Simon filed an "amended" complaint of discrimination with the DFEH, purporting to amend the closed complaint against Health Net of California to name "Health Net, Inc." as her employer.

On January 18, 2012, the DFEH issued a "Notice of Filing of <u>Amended Closed</u> Discrimination Complaint," indicating that Simon had filed an amended charge of discrimination in a matter that had already been closed. The notice from the DFEH to Simon's counsel advised: "You previously received a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice."

d. *Simon's opposition papers*.

In resisting summary judgment, Simon contended the evidence was disputed as to whether Health Net of California was also her employer. Simon cited Low's testimony that while working in Health Net's treasury department, Simon handled work for both Health Net and Health Net of California.

5

Simon also asserted she fully exhausted her administrative remedies as against Health Net, in that she "filed her initial DFEH charges, naming Health Net of California, Inc., then filed her suit within the statutorily allotted time. She subsequently amended her DFEH charges to name Health Net, Inc. and amended her civil complaint. Health Net, Inc., which shares corporate offices with Health Net of California, Inc., and is a subsidiary of Health Net, Inc., was aware of the DFEH charges when they were filed, . . . . Simon properly exhausted her claims against Health Net, Inc." (Italics omitted.)

 4. *Trial court's ruling.*

 On February 8, 2012, the matter came on for hearing. The trial court granted summary judgment in favor of both Health Net of California and Health Net, ruling in pertinent part: "there is no triable issue of fact that defendant Health Net of California, Inc. was not plaintiff's employer at the time of the acts alleged in the complaint, . . . [and] plaintiff was aware of Health Net, Inc. and aware that Health Net, Inc. was her employer at the time the original DFEH complaints and this action were filed, precluding plaintiff from filing a new or amended DFEH complaint or action following expiration of the one-year statute of limitations[.] . . . Because this resolves the issue of liability of Health Net of California, Inc., [and] Health Net, Inc. . . . the Court grants summary judgment. The Court does not address the remaining issues as they are moot."

## CONTENTIONS

 Simon contends the grant of summary judgment was error because she satisfied the FEHA exhaustion requirement and defendants did not negate liability on Simon's claims for discrimination, harassment, failure to accommodate and retaliation in violation of the FEHA and the CFRA.

6

## DISCUSSION

1. *Standard of appellate review.*

"We independently review an order granting summary judgment. [Citation.] We determine whether the court's ruling was correct, not its reasons or rationale. [Citation.] 'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' [Citation.] We review for abuse of discretion any evidentiary ruling made in connection with the motion. [Citation.]" (*Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 504-505.)

2. *The state of the record with respect to Simon's knowledge that her employer was Health Net, Inc.*

Before addressing Simon's contentions on appeal, we summarize the undisputed evidence as to the identity of Simon's employer.

The W-2 wage and tax statements for the years 2005 through 2010 listed Simon's employer as "Health Net, Inc." Likewise, her paycheck stub indicated "Health Net, Inc." was her employer.

On December 21, 2009, Simon filed a claim with the State of California Employment Development Department for disability insurance benefits, signed under penalty of perjury. In said claim, Simon listed her employer as "Health Net, Inc."

The June 29, 2010 letter from Artinian to Simon, terminating Simon's employment effective July 7, 2010, was signed by Artinian as "Sr. Absence Management Consultant" at "Health Net, Inc."

Following Simon's termination, she wrote a resume indicating she had been employed by "Health Net, Inc."

Thus, the evidence established Simon was aware her employer was Health Net.

Moreover, early on the litigation, after Simon had named Health Net of California as her employer, Health Net of California advised Simon that it was *not* her employer. As indicated, Health Net of California, in its answer to the first amended

7

complaint, asserted "*Plaintiff was not employed by Health Net of California, Inc.*" (Italics added.)

We now turn to the issues raised on appeal.

2. *Trial court properly granted summary judgment in favor of Health Net of California because Health Net of California was not Simon's employer at the relevant time.*

a. *At the time of the conduct alleged in the complaint, Health Net of California was not Simon's employer.*

The operative first amended complaint alleged that after Simon became pregnant in 2009, she suffered discrimination, harassment and retaliation.

However, as set forth above, at the relevant time in 2009 and 2010, Health Net of California was not Simon's employer. The undisputed evidence established that commencing in May 2005, Simon was employed by Health Net, not Health Net of California.

Because Health Net of California was not Simon's employer at the time of the acts alleged in the complaint, the trial court properly granted summary judgment in its favor.

b. *No triable issue as to dual employment.*

In resisting summary judgment, Simon contended that during her employment at Health Net, she continued to be employed by Health Net of California. Simon relied on evidence that while working in Health Net's treasury department, she also did work for Health Net of California.

Simon relies on *Kowalski v. Shell Oil Co.* (1979) 23 Cal.3d 168, which states: "The possibility of dual employment is well recognized in the case law. 'Where an employer sends an employee to do work for another person, *and both have the right to exercise certain powers of control over the employee,* that employee may be held to

8

have two employers – his original or "general" employer and a second, the "special" employer.' " (*Id*. at p. 174, italics added.)[5]

As the trial court found, assuming arguendo the dual employment doctrine applies in the FEHA context, Simon's reliance thereon was misplaced. To reiterate the trial court's ruling: "Plaintiff did not provide any evidence that Health Net of California, Inc. had the right to control plaintiff's activities. Plaintiff simply provided evidence that she worked on projects for Health Net of California, Inc. while she was working for Health Net, Inc. in its treasury department."

Thus, Simon did not support her legal argument with an evidentiary showing that Health Net of California had a right to exercise control over her while she was employed by Health Net. Merely because Health Net's treasury department employees provided services to a subsidiary, Health Net of California, did not make Health Net employees also employees of the subsidiary for whom they provided services.

In sum, Simon failed to raise a triable issue as to whether she had dual employers.

c. *No merit to Simon's argument that Health Net and Health Net of California constituted a single employer*.

As an alternative to her dual employer argument, Simon asserts Health Net and Health Net of California constituted a *single employer*, consisting of the parent company and the subsidiary. Simon failed to make this argument below and also failed to present the necessary evidence to raise a triable issue in this regard.

The pertinent principles are set forth in *Laird v. Capital Cities/ABC, Inc.* (1998) 68 Cal.App.4th 727 (*Laird*), which states: "Two corporations may be treated as a single employer for purposes of liability under title VII of the federal 1964 Civil

---

[5]     In *Kowalski*, the defendant argued it was the plaintiff's special employer at the time of the injury and therefore the plaintiff should be limited to his workers' compensation remedy. (*Kowalski, supra*, 23 Cal.3d at p. 174.)

Rights Act (42 U.S.C. § 2000e et seq.). [Citation.] Because [FEHA] has the same nature and purpose as the federal law, California courts frequently look to federal case law for guidance in interpreting the FEHA. [Citation.]

"An employee who seeks to hold a parent corporation liable for the acts or omissions of its subsidiary *on the theory that the two corporate entities constitute a single employer has a heavy burden to meet under both California and federal law*. Corporate entities are presumed to have separate existences, and the corporate form will be disregarded only when the ends of justice require this result. [Citations.] In particular, there is a strong presumption that a parent company is not the employer of its subsidiary's employees. [Citation.]

"The federal courts have developed a test, derived from federal labor case law, to determine whether two corporations should be considered a single employer for title VII purposes. Commonly called the 'integrated enterprise' test, it has four factors: interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. [Fn. omitted.] [Citations.] . . . . [¶] Under this test, *common ownership or control alone is never enough to establish parent liability.* [Citation.] *Although courts consider the four factors together, they often deem centralized control of labor relations the most important.* [Citations.] 'The critical question is, "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" [Citation.] A parent's broad general policy statements regarding employment matters are not enough to satisfy this prong. [Citation.] To satisfy the control prong, a parent must control the day-to-day employment decisions of the subsidiary. [Citations.]' [Citation.]

"To make a sufficient showing of 'interrelation of operations' on summary judgment, the plaintiff must do more than merely show that officers of the subsidiary report to the parent corporation or that the parent benefits from the subsidiary's work. Since these facts exist in every parent-subsidiary situation, such a showing would create a triable issue of material fact in every case. What the plaintiff must show, rather, is that the parent has exercised control 'to a degree that exceeds the control

10

normally exercised by a parent corporation.' [Citation.]" (*Laird, supra,* 68 Cal.App.4th at pp. 737-738, italics added.)

In sum, Simon's "single employer" argument requires an evidentiary showing with respect to numerous factors, including centralized control of labor relations, which Simon failed to make below. Simon's attempt to expand the scope of the issues at this juncture in order to raise a triable issue on appeal must be rejected.[6]

d. *Conclusion with respect to Health Net of California.*

The trial court properly granted summary judgment in favor of Health Net of California because Health Net of California was not Simon's employer at the time of the acts alleged in the complaint, i.e., 2009 and 2010.

3. *Trial court properly granted summary judgment in favor of Health Net, Simon's employer, due to Simon's failure to comply with FEHA's exhaustion requirement as against Health Net.*

a. *FEHA's exhaustion requirement.*

In *Rojo v. Kliger* (1990) 52 Cal.3d 65, the Supreme Court explained the exhaustion requirement and its rationale as follows: "[E]xhaustion of the FEHA administrative remedy is a precondition to bringing a civil suit *on a statutory cause of action*. In cases appropriate for administrative resolution, the exhaustion requirement serves the important policy interests embodied in the act of resolving disputes and eliminating unlawful employment practices by conciliation [citation], as well as the salutory goals of easing the burden on the court system, maximizing the use of administrative agency expertise and capability to order and monitor corrective measures, and providing a more economical and less formal means of resolving the dispute [citation]. By contrast, in those cases appropriate for judicial resolution, as where the facts support a claim for compensatory or punitive damages, the exhaustion requirement may nevertheless lead to settlement and serve to eliminate the unlawful

---

[6]     For the same reasons, Simon's arguments relating to equitable tolling, waiver, estoppel and tolling are not properly before this court.

11

practice or mitigate damages and, in any event, is not an impediment to civil suit, in that the Department's practice evidently is to issue a right-to-sue letter (§ 12965) at the employee's request as a matter of course [citations]." (*Id.* at pp. 83-84.)

Thus, to bring a civil action under FEHA, a person must first file a claim with the DFEH within one year of the date upon which the alleged act of discrimination occurred. (§ 12960, subd. (d); *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 895-896.)

b. *Simon's failure of exhaustion with respect to Health Net.*

Health Net terminated Simon, effective July 7, 2010. Simon did not file a DFEH complaint against Health Net within the one-year period. (§ 12960, subd. (d).)

It was not until December 15, 2011, that Simon filed an "amended" charge with the DFEH, purporting to amend the closed administrative complaint (against Health Net of California) to name "Health Net, Inc." as her employer. Shortly thereafter, the DFEH issued a "Notice of Filing of Amended Closed Discrimination Complaint," indicating that Simon had filed an amended charge of discrimination in a matter that had already been closed.

In an attempt to overcome her failure to file a DFEH complaint against Health Net within one year of her termination, Simon argues in essence that notice to Health Net of California also constituted notice to Health Net, so as to satisfy the exhaustion requirement. Simon emphasizes that Health Net and Health Net of California share the same corporate address, are represented by the same attorneys, and have the same agent for service of process.

However, the issue is not whether Health Net had actual notice of Simon's DFEH complaint against Health Net of California. As discussed, the FEHA mandates that the administrative remedy be exhausted, as a condition precedent to bringing a civil action against a defendant. While Simon seeks to characterize Health Net and Health Net of California as a unitary entity, so that notice to one constituted notice to both, Simon failed to make a showing below that Health Net and Health Net of California are a single employer. (*Laird, supra,* 68 Cal.App.4th at pp. 737-738.)

12

In sum, with respect to Health Net, Simon failed to exhaust the FEHA's administrative remedy in accordance with the statutory scheme.  (§ 12960.)  Accordingly, the grant of summary judgment in favor of Health Net was proper.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KLEIN, P. J.

We concur:

CROSKEY, J.

ALDRICH, J.

13