[No. C052833. Third Dist. July 30, 2007.]

TIM HOLLAND, Plaintiff and Appellant, v.
UNION PACIFIC RAILROAD COMPANY, Defendant and Respondent.

942

COUNSEL

Larry Lockshin and Diana Esquivel for Plaintiff and Appellant.

Randolph, Cregger & Chalfant, Thomas A. Cregger and Stephanie L. Quinn for Defendant and Respondent.

## OPINION

**DAVIS, Acting P. J.**—Plaintiff Tim Holland filed this action alleging employment discrimination. Defendant Union Pacific Railroad Company (UPRR) successfully moved for summary judgment. In his timely appeal from the ensuing judgment, plaintiff first contends that the court commissioner who heard the motion lacked jurisdiction as a judge pro tempore over the matter. In the interests of judicial economy, we decline to reach the issue because the substantive issue will only return to us after remand. On the merits, he asserts that his failure to file a timely, verified administrative complaint was excusable. We conclude that under the established doctrine of equitable estoppel, his untimely administrative complaint is not a bar to his action at law because he diligently pursued his administrative remedy and reasonably relied on the conduct of administrative officials in believing that the limitations period was not a concern. We also conclude that the judge pro tempore erred in sustaining hearsay objections to the evidence documenting this conduct, because plaintiff was not introducing it as proof of the matters asserted therein, but as proof of the basis for his failure to file a timely administrative complaint. We therefore shall reverse the judgment and remand the matter to address the other grounds in the motion for summary judgment.

### FACTS

In light of the narrowness of the dispositive issue, the complaint's allegations—ordinarily the starting point in our review de novo of a motion for summary judgment (*Rio Linda Unified School Dist. v. Superior Court* (1997) 52 Cal.App.4th 732, 734–735 [60 Cal.Rptr.2d 710])—are largely irrelevant. Plaintiff is a machinist in UPRR's repair shops in Roseville. He contended that UPRR failed to make proper accommodations for his chemical brain disorder, "to wit: Bypolar [*sic*] Disorder and depression with acute episodic anxiety," in the period between July and October 2002 and instead refused to allow him to work at all. He filed a timely administrative complaint with the Department of Fair Employment and Housing (DFEH), which issued a letter allowing him to pursue his legal remedies.

In moving for summary judgment, UPRR asserted the following undisputed facts. Plaintiff completed his apprenticeship as a machinist, apparently in 2002, the duties of which include locomotive maintenance. The performance of these duties requires a machinist to move locomotives. In July 2002, he was asked for the first time to become certified to move locomotives. He said his medications made this an unsafe activity for him to perform. UPRR asserted that it was not aware of this restriction until that time, when plaintiff gave it a copy of a letter from a doctor dated February 11, 1999. On July 2, UPRR placed him on a medical leave of absence while it evaluated his fitness for duty. After completing various evaluations, UPRR allowed plaintiff to return to work in October 2002 with the restriction that he could not move locomotives. Plaintiff filed an administrative complaint with DFEH on July 15, 2003, received notice of his right to pursue legal remedies in July 2004, and filed the present legal complaint in November 2004.

Plaintiff did not dispute these facts in any manner pertinent to the present appeal.[1] As additional facts, he asserted that after consulting with present counsel (whom he did not retain until after receiving permission to pursue his legal remedies), he had met with a DFEH representative in May 2003, who told him that he would receive a letter scheduling a formal interview. When he expressed concern over the imminent one-year deadline for filing his complaint (as measured from the date that UPRR suspended him from work), the DFEH representative assured him that completing a precomplaint questionnaire would satisfy this deadline. He later met with the DFEH representative again in late June 2004, providing her with the completed questionnaire. The DFEH mailed him a completed administrative complaint in mid-July 2004, which he promptly signed and returned to the agency. The statements of the DFEH representative appeared in plaintiff's declaration in opposition to the motion.

UPRR's notice had set the motion for department 1 of the trial court, which apparently was the courtroom of a court commissioner. Plaintiff filed an objection to a commissioner hearing the matter, and requested an assignment to a judge.

In its reply, UPRR objected to consideration of the hearsay statements of the DFEH representative. In opposition to the evidentiary objection, plaintiff asserted that the hearsay statements were admissible under Evidence Code section 1250 (the "state of mind" hearsay exception).

At the hearing, plaintiff asserted his objection to the court commissioner adjudicating the motion, contending that this was the first assignment to the

---

[1] For example, he disputed whether UPRR was previously aware of his medical restriction and whether his inability to move a locomotive was relevant to his job, as he performed the same duties on his return to work.

commissioner. The commissioner stated that plaintiff had appeared by telephone at a case management conference in May 2005[2] at which plaintiff had failed to raise any objection after the court clerk announced that the commissioner would be presiding.[3] Plaintiff's attorney did not have an independent recollection of the conference from the previous year. She asserted, however, that even if she had failed to object to the court commissioner's exercise of jurisdiction over the matter at the time, the case management conference was an ancillary proceeding to the present motion, and therefore her previous deemed stipulation did not apply. UPRR did not provide any evidence or argument on the issue, other than to mention an ex parte motion to continue trial that plaintiff had submitted to the presiding judge.[4]

In her ruling, the court commissioner rejected the theory that the case management conference was ancillary to the present matter, and therefore assumed jurisdiction as a judge pro tempore. On the substance of the motion, the judge pro tempore sustained the hearsay objection to the statements of the DFEH representative, which eviscerated the evidentiary support for plaintiff's invocation of an equitable excuse for his tardy administrative complaint, and also ruled that plaintiff had not provided any authority for such a doctrine in proceedings involving the DFEH.

DISCUSSION

*I*

On appeal, plaintiff again contends there is no evidence in the record that a May 9, 2005, hearing was held, notwithstanding the judge pro tempore's apparent resort to an entry in the court record not included in the record on appeal. Plaintiff, however, does not discuss the remarks of his counsel in the stipulation supporting the motion for a continuance of the trial date (to which defense counsel referred at the hearing on the motion for summary judgment): "Plaintiff brought these pre-existing trial dates to the Court's attention in his . . . Case Management Statement, *and at the . . . Case Management Conference, plaintiff's counsel again informed the Court* that [the designated] trial [date] would conflict with trials already set in other cases." (Italics added.)

---

[2] According to the notice to appear for the conference and plaintiff's case management statement, the matter was assigned to department 3 in the trial court without any indication of who would be presiding.

[3] The commissioner purported to refer to minutes reflecting these facts. The record on appeal does not include any such minutes from a May 2005 conference, although we note that plaintiff's designation of record on appeal does not include any request for such minutes, either.

[4] In this motion, plaintiff's attorney seems to indicate that there was indeed a May 9, 2005, appearance at which counsel objected to a November 2005 trial date.

However, regardless of whether plaintiff's counsel was present at a case management conference where the court commissioner was presiding, and regardless of whether that conference was ancillary to the motion for summary judgment, the issue ultimately is immaterial. Even if we were to concur that the judge pro tempore lacked jurisdiction to hear the motion, there would not be any purpose in reversing the judgment and remanding the matter, only to exercise de novo review of the same materials on appeal from a ruling of a judge of the trial court (as our remittitur would not authorize reopening the motion), if we believe the outcome would be the same on the substantive timeliness issue. This only wastes scarce judicial resources and causes needless expense to the parties. We therefore proceed to the matter of whether plaintiff's failure to file a timely administrative complaint is excusable.

## II

Government Code section 12960 provides in pertinent part that "(b) Any person claiming to be aggrieved by an alleged unlawful [employment or housing] practice may file with the [DFEH] a verified complaint, in writing, that shall . . . set forth the particulars thereof and contain other information as may be required by the [DFEH]. . . . [¶] . . . [¶] (d) No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice . . . occurred . . . ."

■ Before maintaining a legal action, a plaintiff must exhaust the administrative remedy of filing a timely complaint with the DFEH and obtaining permission to pursue legal remedies. (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 492 [59 Cal.Rptr.2d 20, 926 P.2d 1114] (*Romano*).) The one-year period specified in the statute begins to run when the administrative remedy accrues, which is the occurrence of the unlawful practice. (*Id.* at p. 493.) In the present case, the allegedly unlawful suspension occurred on July 2, 2002, and therefore the one-year period began to run on that date. (Cf. *ibid.* [unlawful firing occurs on date that employment actually ends].)[5] As a result, plaintiff's July 2003 administrative complaint was not timely on its face, his allegations to the contrary notwithstanding. This made it his burden to establish an exception that would deem the administrative complaint to be timely. (*Westinghouse Elec. Corp. v. County of Los Angeles* (1974) 42 Cal.App.3d 32, 37 [116 Cal.Rptr. 742] [plaintiff's burden of proof on exhaustion of administrative remedy].)

---

[5] Plaintiff has not asserted that the continuing violation doctrine has any application to his claim, as the decision to place him on medical leave was sufficiently final as of July 2, 2002. (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 823–824 [111 Cal.Rptr.2d 87, 29 P.3d 175].)

■ The exhaustion of an administrative remedy is a *procedural prerequisite* to an action at law, and the failure to exhaust it does not divest a trial court of *subject matter jurisdiction.* (*Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 896–900 [76 Cal.Rptr.2d 827] (*Keiffer*) [it is a defense subject to forfeiture]; cf. *Green v. City of Oceanside* (1987) 194 Cal.App.3d 212, 222 [239 Cal.Rptr. 470] [same].) As a result, courts can resort to equitable exceptions to this condition precedent. (Cf. *Zipes v. Trans World Airlines, Inc.* (1982) 455 U.S. 385, 393 [71 L.Ed.2d 234, 102 S.Ct. 1127] (*Zipes*) [need for timely filing of administrative complaint under title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) subject to equitable exceptions];[6] *Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890, 900 (*Rodriguez*) [interpreting California law]; *Dept. Fair Empl. & Hous. v. Cairo* (1984) No. 84-04, FEHC Precedential Decs. 1984–1985, CEB 3, p. 15 [1984 WL 54284, *7–*8] (*Cairo*) [may apply equitable exceptions in deciding timeliness of administrative complaint][7].) As just mentioned above, one exists for continuing violations. (*Accardi v. Superior Court* (1993) 17 Cal.App.4th 341, 349 [21 Cal.Rptr.2d 292].) Another applies where complainants reasonably are misled through no fault of their own as a result of inaccurate advice from the DFEH. (*Denney v. Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226, 1233–1234 [13 Cal.Rptr.2d 170] [DFEH employee declined to include alternate theory in complaint that plaintiff raised during intake process; failure to exhaust remedy on alternate theory excused]; see *Cairo, supra,* CEB 3, p. 15 [1984 WL 54284, *7–*8]; *Rodriguez, supra,* 265 F.3d at pp. 894–895, 901–902 [same]; *Albano v. Schering-Plough Corp.* (9th Cir. 1990) 912 F.2d 384, 386–388 [same].) UPRR's attempt to distinguish these cases as involving partially timely complaints is unavailing, because the focus of the decisions was on the lack of any compliance with the exhaustion requirement for the tardily added unlawful practices.[8] Having

---

[6] Except where specific provisions of California statutory law are to the contrary, the decisions of federal courts involving the federal antidiscrimination statutes have persuasive value. (*Romano, supra,* 14 Cal.4th at p. 498.) Neither the federal nor state statutes specify that subject matter jurisdiction depends on the *timely* filing of an administrative complaint. (*Zipes, supra,* 455 U.S. at pp. 393–394; *Keiffer, supra,* 65 Cal.App.4th at p. 899.)

[7] We accord respect to the decisions of an administrative agency on matters within its expertise, though ultimately we decide de novo the interpretation of its governing statutes. (*Gonzales v. Workers' Comp. Appeals Bd.* (1998) 68 Cal.App.4th 843, 849 [81 Cal.Rptr.2d 54].)

[8] As it is sufficient to rely on an equitable exception for the untimely administrative complaint in the present case, we do not need to invoke the holding of *Casavantes v. California State University, Sacramento* (9th Cir. 1984) 732 F.2d 1441, 1443, which relied on the timeliness of an *intake questionnaire.* This holding is the subject of dispute in federal courts (e.g., *Pijnenburg v. West Georgia Health System, Inc.* (11th Cir. 2001) 255 F.3d 1304, 1306–1307), largely because it is premised on an interpretation of agency regulations in derogation of the unambiguous statutory language. In any event, the DFEH has not promulgated analogous regulations and California law is to the contrary. (*Cole v. Antelope Valley Union*

determined that equity can indeed excuse an untimely administrative complaint, it remains to be seen whether plaintiff submitted facts warranting relief.

■ According to plaintiff's declaration, he consulted with an attorney and initiated the DFEH process with the DFEH by mid-May 2002, when nearly two months remained in which to file his charge. He raised the imminence of the July 2 deadline in his initial interview, at which point he was assured that he need not be concerned about it. The DFEH postponed its interview with him until late June, again assuring him that his submission of his questionnaire was sufficient to make his claim timely. DFEH did not send him a formal administrative complaint until after the one-year period had expired. Under these circumstances, it would be inequitable to fault plaintiff for the slight degree to which his administrative complaint was tardy, as he was diligent in pursuit of his remedy, raised the issue with the DFEH, and relied on the DFEH's assurances that he would meet the deadline.

■ UPRR asserts that this evidence supporting the application of an equitable exception was inadmissible hearsay. Both UPRR and the judge pro tempore apparently have focused on the use of extrajudicial statements but failed to consider that these statements were not offered as proof of the facts that they contained. Rather, this is a typical example of the *nonhearsay* use of an extrajudicial statement "to prove, as relevant to a disputed fact in an action, that the . . . hearer . . . obtained certain information by hearing . . . the statement and, *believing such information to be true*, acted in conformity with such belief." (1 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Hearsay & Nonhearsay, § 1.4, p. 57, italics added.) As this classic treatise explains, "The statement is *not* hearsay, since it is the hearer's reaction to the statement that is the *relevant* fact sought to be proved—*not* the truth of the matter asserted in the statement." (*Ibid.*) Consequently, the judge pro tempore erred in excluding this evidence and denying plaintiff the benefit of an equitable excuse for his tardy administrative complaint.

Although both parties have addressed the other grounds in the motion for summary judgment that the judge pro tempore did not reach (in the event this court desired to consider them), they ask us to remand the matter to the trial court for it to make its initial determination of them. We will accede to their request.

*High School Dist.* (1996) 47 Cal.App.4th 1505, 1515 [55 Cal.Rptr.2d 443] [facts contained in materials other than verified complaint cannot be basis for liability of party].)

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court with directions to vacate its order granting summary judgment and consider the remaining issues in the motion. Plaintiff shall recover his costs of appeal.

Nicholson, J., and Hull, J., concurred.

On August 29, 2007, the opinion was modified to read as printed above.