Filed 1/31/22 Tramil v. City and County of San Francisco CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARY TRAMIL, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant and Respondent. | A158823 <br><br> (San Francisco County <br> Super. Ct. No. CGC19-574890) |

A former employee of the City and County of San Francisco (the City) filed suit for disability discrimination under California law. The City demurred on the ground that the lawsuit was untimely because the employee had failed to file within one year an administrative charge with the California Department of Fair Employment and Housing (DFEH), and a timely administrative charge is a prerequisite to filing a civil action. The superior court sustained the demurrer without leave to amend and entered judgment for the City. We shall reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

We draw our summary of the essential facts from defendant Mary Tramil's civil complaint for damages and injunctive relief against the City.

1

*Tramil's Employment and Retirement from the City*

Tramil was hired by the City on April 1, 1998, and worked in various City departments. In November 2014 she was transferred to the San Francisco Human Rights Commission, where she developed eye injuries from extended computer use.

From March 1, 2015 to March 1, 2016, Tramil's "health care providers placed her on a medical leave of absence to treat her eye injuries and relieve pressure to her optic nerves."

As the complaint recounts in detail, beginning in early 2016, the City began discussing Tramil's return to work, with Tramil requesting "limited computer use as a form of reasonable accommodation."

On or about June 30, 2016, as a result of the City's "refusal to reasonably accommodate her disability and return her to work [Tramil] had no other option but to retire." (Note that June 30, 2016 is the key date for the City's demurrer.)

On or about July 18, 2016, the City "determined that its search for alternate employment had not been successful and concluded its alleged reasonable accommodation efforts."

*Tramil's Dealings With DFEH*

On February 28, 2017, Tramil filed an "inquiry online" with DFEH for "her complaint to be investigated." On May 11, 2017, Tramil spoke to Rosaline Madrigal of DFEH regarding "creating her complaint of discrimination," and on May 12, provided Madrigal additional information about her claims. On May 31, Tramil communicated with Madrigal by email and inquired about the status of the complaint that Tramil "believed" should have been sent by DFEH "within 10 days of May 11."

On June 5, Tramil informed Madrigal she would be out of town until the last week of June due to a death in the family, and she gave Madrigal alternate phone numbers where she could be reached.

On June 8, Madrigal sent Tramil an email stating that the DFEH complaint for Tramil to review and sign had been sent.

On June 23, Tramil emailed Madrigal about the whereabouts of the DFEH complaint because she had not received it.

On June 26, Madrigal informed Tramil that the DFEH complaint was sent through "EchoSign."

Tramil alleged that "[d]espite her best efforts," she "was not able to find the [DFEH] complaint through EchoSign" until July 3, 2017, and she executed it on or about that date.[1]

Tramil alleges that "[t]hereafter, the DFEH conducted its investigation" of her complaint, and issued a right-to-sue notice on March 30, 2018.

*Proceedings in the Trial Court*

Tramil filed her lawsuit against the City on March 28, 2019, alleging in five causes of action that the City had violated the Fair Employment and Housing Act (FEHA) by disability discrimination, disability harassment, failure to reasonably accommodate, failure to engage in the interactive process, and retaliation.

The City demurred on the ground that under the version of Government Code section 12960, subdivision (d) then in effect, and relevant case law, a DFEH charge alleging claims under the Fair Employment and Housing Act must be filed with DFEH within one year of the last unlawful

---

[1] The DFEH complaint states that "[t]he most recent harm occurred on or around June 30, 2016."

3

action, and failure to comply with this requirement bars pursuing a civil lawsuit based on FEHA. The City contended that because Tramil failed to file her DFEH charge within one year of *June 30, 2016*, the most recently alleged harm, Tramil had failed to comply with the DFEH exhaustion requirement and her lawsuit must be dismissed.

Tramil opposed the demurrer. After a hearing the trial court sustained the demurrer without leave to amend, and issued a written order concluding that the "administrative complaint was not timely on its face," and the case did not present any situations where "equitable tolling" might be applicable.

This appeal followed.

## DISCUSSION

A. *Standard of Review*

We recently set forth the law governing our review of demurrers in *Denny v. Arntz* (2020) 55 Cal.App.5th 914, 919-920: "Our standard of review is well established. 'When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. [Citation.] Courts must also consider judicially noticed matters. [Citation.] In addition, we give the complaint a reasonable interpretation, and read it in context. [Citation.]' (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 . . . .) 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)"

B. *Analysis*

Under the law as it existed in 2018 when Tramil's underlying complaint was filed in the superior court, a person who wished to pursue a civil claim in superior court first had to file an administrative complaint with

4

DFEH within one year "from the date upon which the unlawful practice . . . occurred," with certain exceptions. (Former Gov. Code, § 12960, subd. (d), amended by Stats. 2019, ch. 709, § 1.)[2] The requirement has been described as "[t]he exhaustion of an administrative remedy." (*Holland v. Union Pacific Railroad Co.* (2007) 154 Cal.App.4th 940, 946 (*Holland*).) It is a "*procedural prerequisite* to an action at law, and the failure to exhaust it does not divest a trial court of *subject matter jurisdiction. . . .* As a result, courts can resort to equitable exceptions to this condition precedent. . . . [O]ne exists for continuing violations. [Citation.] Another applies where complainants reasonably are misled through no fault of their own as a result of inaccurate advice from the DFEH. [Citations.]" (*Id.*at p. 946.)

Indeed, DFEH's own regulations account for equitable tolling. California Code of Regulations, title 2, section 10018, provides that the one-year time limit for filing a complaint with the department "may be tolled . . . where the department misleads the complainant about filing obligations, commits errors in processing the complaint, or improperly discourages or prevents the complainant from filing at all."

The facts of *Holland*, *supra*, are instructive. Union Pacific Railroad was awarded summary judgment against its employee on the ground that the

---

[2] Now the law is different. Government Code section 12960 was amended as of January 1, 2020, and for complaints alleging any "violation of Article I (commencing with Section 12940) of Chapter 6," a person now has *three* years "from the date upon which the unlawful practice or refusal to cooperate occurred" to file a complaint with DFEH. (Gov. Code, § 12960, subd. (e).) Further, a new subdivision (b) was added to section 12960, stating that "for purposes of this section, filing a complaint means filing an intake form with the department and the operative date of the verified complaint relates back to the filing of the intake form." No one contends that the new statute applies to this case. In any event, according to the enacted statute, the revisions did not "revive lapsed claims." (Stats. 2019, ch. 709 § 1, 3.)

employee's administrative complaint of discrimination to DFEH was not timely, and equitable tolling did not apply. The Court of Appeal reversed, describing the employee's declaration as follows: "[H]e consulted with an attorney and initiated the DFEH process with the DFEH by mid-May 2002, when nearly two months remained in which to file his charge. He raised the imminence of the July 2 deadline in his initial interview, at which point he was assured that he need not be concerned about it. The DFEH postponed its interview with him until late June again assuring him that his submission of his questionnaire was sufficient to make his claim timely. DFEH did not send him a formal administrative complaint until after the one-year period had expired." The Court of Appeal in *Holland* concluded, "Under these circumstances it would be inequitable to fault the plaintiff for the slight degree to which his administrative complaint was tardy, as he was diligent in pursuit of his remedy, raised the issue with the DFEH, and relied on the DEFH's assurances that he would meet the deadline." (*Holland, supra*, 154 Cal.App.4th at p. 947.) (In *Holland*, the employee's administrative complaint was apparently filed 13 days after the one-year deadline.) (*Id.* at pp. 943-944.)

Other cases give similar guidance. (See, e.g., *Denney* v. *Universal City Studios, Inc*. (1992) 10 Cal.App.4th 1226,1234 [when plaintiff was misled by U.S. Equal Employment Opportunity Commission, untimely DFEH complaint was excused], abrogated on other grounds by *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1148; *Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890, 901-902 [reversing summary judgment against employee for failure to exhaust administrative remedies under FEHA; although "there is no formula" for applying the equitable doctrine, "some factors meriting consideration" in balancing the equities in favor of a

6

discrimination plaintiff are diligence in pursuing a claim, being misinformed or misled by the administrative agency, reliance, and acting pro se at the time].)

Tramil argues that she adequately pled equitable tolling to survive a demurrer, and the court thus erred in dismissing her complaint and entering judgment for the City. We agree.

Assuming that the date of Tramil's retirement from the City (June 30, 2016) started the one-year clock, and Tramil filed her verified complaint with DFEH on Monday, July 3, 2017, she was three days late.[3]

Tramil submitted her online intake form to DFEH on February 28, 2017. At this point there were still *four months* before the one-year deadline. On May 11, 2017, Ms. Madrigal from DFEH contacted her about "creating her complaint of discrimination." Tramil provided additional information about her claim to Madrigal the very next day. About three weeks later, on May 31, Tramil again took the initiative and emailed Madrigal about the status of her complaint, which Tramil "believed" should have been sent by the DFEH within 10 days of May 11, the date when she and Madrigal communicated. For purposes of the demurrer, we infer from the context of the allegations that someone or something from DFEH led her to "believe" she would have a verified complaint in hand by late May.

Less than a week after Tramil's May 31 inquiry, which we infer from the pleading went unanswered, Tramil informed Madrigal that she would be out of town until the last week of June due to a death in the family, and left alternate contact information for Madrigal to reach her.

---

[3] The verified complaint is actually signed and dated July 2, 2017, but that was a Sunday.

Three days later, on or about June 8, Madrigal sent an email that the DFEH complaint to review and sign had been sent to Tramil. We infer from this allegation that the DFEH complaint was not simply an attachment to Madrigal's email, since on Friday, June 23, Tramil got back in touch with Madrigal to inquire into its whereabouts. Tramil had not received it. And at that point, June 30 was exactly one week away.

On Monday, June 26, the next business day, Madrigal informed Tramil that the DFEH complaint had been sent through something called "EchoSign." Despite her "best efforts," Tramil alleges she was "not able to find the complaint" sent via EchoSign until July 3. We accept that allegation as true for purposes of demurrer. When Tramil did find the DFEH complaint, she signed it. (In fact, she may have signed it on Sunday, July 2, the date that appears on the signature line.)

Upon DFEH issuing its right to sue notice in late March 2018, Tramil timely filed suit.

On these facts, Tramil has pled sufficient facts on equitable tolling to survive a demurrer: Tramil's timely initial online intake filing (with four months to spare on the one-year deadline); delay by DFEH in not contacting her for nearly two and a half months; Tramil's diligence and quick turnaround when, after DFEH finally contacted her, she provided more information the very next day; Tramil's expectation from someone that she would have a verified complaint by late May, well in advance of June 30; Tramil's persistence in maintaining contact with DFEH; and Tramil's inability to retrieve the complaint after the DFEH had allegedly "sent" it by EchoSign.

At the hearing on the demurrer, Tramil asked for leave to amend to allege that she was self-represented throughout the DFEH process. Although

8

we do not find it necessary to remand for leave to amend the complaint, we note that Tramil's self-represented status in the DFEH process would also support our conclusion that her complaint survives demurrer.

In light of our holding, we do not need to address any of Tramil's alternative arguments, including that she pled a continuing violation by the City that extended beyond June 30, 2016, because the City did not conclude its decision to deny reasonable accommodation until July 18, 2016; or that by filing the administrative complaint, DFEH considered the filing timely.

## DISPOSITION

The judgment is reversed. Tramil shall recover her costs on appeal.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Kline. J.[*]

A158823, *Tramil v. City and County of San Francisco*

_____

[*] Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.