Filed 5/28/24  Valdez v. Nunley CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KRISTEL VALDEZ,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CHIEF CHRISTOPHER NUNLEY,<br><br>    Defendant and Respondent. | B329294<br><br>(Los Angeles County<br> Super. Ct. No. 22STCV05879) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mel Red Recana, Judge.  Affirmed.

Alexander Morrison + Fehr, J. Bernard Alexander III, Erin Lim and Tracy L. Fehr for Plaintiff and Appellant.

Kessel & Megrabyan, Elizabeth Mary Kessel, Armineh Megrabyan and Warren M. Williams for Defendant and Respondent.

## INTRODUCTION

Plaintiff Kristel Valdez filed a lawsuit under the Fair Employment and Housing Act (FEHA) against her employer, the City of Signal Hill (the City), and her direct supervisor, defendant Christopher Nunley. Valdez asserted seven causes of action against the City but only one cause of action against Nunley. The trial court sustained Nunley's demurrer based on Valdez's failure to timely exhaust administrative remedies. Valdez contends the court erred in finding her Department of Fair Employment and Housing (DFEH) complaint untimely. Alternatively, the court failed to consider equitable tolling. Her contentions have no merit. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2015, Valdez was hired by the Signal Hill Police Department as an administrative assistant to the Chief of Police. In January 2017, she began working for Nunley, who was the Chief of Police at the time.

On November 7, 2019, Valdez submitted an intake form with DFEH, alleging, in part, that she was subjected to harassment by Nunley from September 2015 through December 2018. That day, DFEH confirmed receipt and scheduled an intake interview on February 11, 2020. On March 3, 2020, she filed a verified complaint with DFEH, alleging the same. DFEH issued a right to sue letter on May 7, 2021.

On April 28, 2022, Valdez filed the operative first amended complaint against the City and Nunley. The complaint alleged seven FEHA causes of action: (1) harassment; (2) religious discrimination; (3) disability discrimination; (4) failure to accommodate; (5) failure to engage in the interactive process; (6) retaliation; and (7) failure to prevent discrimination,

2

harassment, or retaliation. The only cause of action asserted against Nunley was harassment.

Nunley demurred to the complaint, arguing Valdez did not timely file a verified complaint with DFEH within one year of the alleged unlawful harassment. On December 16, 2022, the trial court held a hearing on the demurrer. On December 19, 2022, the court sustained the demurrer, without leave to amend, finding Valdez failed to timely exhaust her administrative remedies. The court entered judgment for Nunley on February 21, 2023.

Valdez timely filed a notice of appeal.

## DISCUSSION

A. *Standard of Review*

"'When reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations. [Citation.] Courts must also consider judicially noticed matters. [Citation.] In addition, we give the complaint a reasonable interpretation, and read it in context. [Citation.]' (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) 'We do not, however, assume the truth of contentions, deductions, or conclusions of fact or law.' (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)" (*Denny v. Arntz* (2020) 55 Cal.App.5th 914, 919–920.)

B. *Analysis*

A plaintiff suing under FEHA must first exhaust his or her administrative remedies by filing a complaint with DFEH. "Any person claiming to be aggrieved by an alleged unlawful practice may file with

3

[DFEH] a verified complaint, in writing, that shall state the name and address of the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice complained of." (Gov. Code, § 12960, subd. (c).) Prior to January 1, 2020, as applicable here, a plaintiff had one year from the date of the alleged unlawful conduct to file a verified complaint. (Former § 12960, subd. (d).) Valdez alleged the harassment occurred from September 2015 through December 2018. Therefore, she had until December 31, 2019, to file a verified complaint. Valdez admittedly did not file a verified complaint until March 3, 2020, three months later.

Valdez argues that her claim is nonetheless viable because she submitted an intake form with DFEH on November 7, 2019, less than a year after the alleged harassment ended in December 2018. As our colleagues in Division Five made clear, FEHA does "not authorize any alternative to the requirement of the filing of a 'verified complaint in writing'" with DFEH. (*Cole v. Antelope Valley Union High School Dist.* (1996) 47 Cal.App.4th 1505, 1515 (*Cole*).) Federal courts, including the Ninth Circuit, have similarly held that a plaintiff's FEHA claim can only be exhausted through the filing of a verified complaint, not intake forms or other written communications with DFEH. (*Rodriguez v. Airborne Express* (9th Cir. 2001) 265 F.3d 890, 897; *Watson v. Chubb & Sons, Inc.* (9th Cir. Feb. 13, 2002, No. 00-57155) 2002 WL 460289; *Davenport v. Board of Trustees of State Center Community College Dist.* (E.D. Cal. 2009) 654 F.Supp.2d 1073, 1089; *Spall v. Stryker Corporation* (N.D. Cal., Aug. 26, 2021, No. 21-cv-04292-EMC) 2021 WL 3780284.) Valdez cites no binding authority to the contrary.

Relying on a subsequent amendment to FEHA, Valdez argues her untimely complaint relates back to her intake form. Likely in response to *Cole* and its progeny, our Legislature has since amended section 12960 to add

4

subdivision (b), which provides that "[f]or purposes of this section, filing a complaint means filing an intake form with [DFEH] and the operative date of the verified complaint relates back to the filing of the intake form."  (§ 12960, subd. (b).)  This amendment took effect on January 1, 2020, after the one-year deadline for Valdez to file her verified complaint with DFEH.  Had this version been the law at the time she filed her intake form with DFEH, her claims against Nunley would have likely been properly exhausted.  Importantly, the statute clearly states that this amendment does not "revive lapsed claims."  (Stats. 2019, ch. 709, §§ 1, 3.)  Thus, the language unambiguously restricts the application to past events.  Based on the statute's plain language, we decline Valdez's invitation to turn to the legislative history.

Alternatively, Valdez argues for the first time on appeal that she has alleged or can allege sufficient facts to excuse her untimely DFEH complaint on equitable grounds.  While the timely filing of a verified complaint is a prerequisite to bringing a civil action under FEHA, there are equitable exceptions.  (*Holland v. Union Pacific Railroad Co.* (2007) 154 Cal.App.4th 940, 946.)  Valdez asserts that one exception is when DFEH reasonably misleads the complainant who through no fault of his or her own relies on the inaccurate advice.  (*Ibid.*; Cal. Code Regs., tit. 2, § 10018 ["The one-year time limit for filing a complaint of discrimination . . . may be tolled . . . where [DFEH] misleads the complainant about filing obligations, commits errors in processing the complaint, or improperly discourages or prevents the complainant from filing at all"].)  Factors to consider are the following: (1) the plaintiff diligently pursued the claim; (2) DFEH misinformed or misled the plaintiff; (3) the plaintiff relied in fact on the misinformation or misrepresentations, causing him or her to fail to exhaust administrative

5

remedies; and (4) the plaintiff was acting pro se at the time. (*Denney v. Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226, overruled on other grounds in *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143, 1156, *Rodriguez v. Airborne Express, supra,* 265 F.3d at p. 902.)

Here, Valdez offers no facts warranting relief for equitable tolling. She did not diligently pursue her claim but waited until the eve of the one-year deadline. Valdez does not allege in her complaint or in her appellate briefing that DFEH misinformed or misled her in any way. The day Valdez filed her intake form, DFEH scheduled an interview in February 2020. Moreover, Valdez does not dispute she was represented by counsel during the DFEH filing process. If Valdez wanted an earlier date for her interview to avoid a lapse in the one-year deadline, she had almost two months to change it. We conclude Valdez did not establish she did or can allege grounds for equitable tolling.

Accordingly, the trial court did not err in sustaining Nunley's demurrer to Valdez's harassment claim.

## DISPOSITION

We affirm the judgment. Nunley is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

COLLINS, Acting P. J.          MORI, J.

6